# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1892, IN THE SEVENTY-
SEVENTH YEAR OF THE STATE.

———— ◆ ————

No. 16,602.

## TROGDON v. THE STATE.

CRIMINAL LAW. — *Murder.* — *Admission.* — *Evidence Supplemental to, Not Error.* — Where in a prosecution for murder, the defendant admitted that the decedent died from a wound inflicted by him, it was not error for the court, in its discretion, to permit such admission to be supplemented by testimony; neither would it have been error if the court had excluded such testimony.

SAME. — *Instruction to Jury—Special Instructions Offered by Defendant.— When Properly Rejected.—Statute Must be Strictly Complied With.—Clause 6 of Section 1823, R. S. 1881, Construed.*—A defendant in a criminal case, who desires special instructions to be given to the jury, must proceed in accordance with the statute, and must ask for them in the proper way and at the proper time, but then the court is not bound to give all the instructions thus asked, even if they accurately state the law of the case, and are applicable to the facts. The sixth clause of section 1823, R. S. 1881, is only intended to secure to the defendant the right to specific instructions upon questions not sufficiently covered by other instructions, and if the court did actually give other instructions in lieu thereof covering

the same grounds, the refusal to give such special instructions was not error. The rules of criminal procedure are not framed with a view of making difficult the conviction of the guilty, but to minimize the conviction of the innocent.

SAME.—*Self-defense.*—*Actual Danger not Apparent at the Time.*—*Not Ground for.*—*Apprehension of Danger.*—*Definition of.*—One who is in no apparent danger, and who apprehends no danger, and who has no reasonable ground for such apprehension, can not deliberately and maliciously kill another and successfully interpose the defense of self-defense, because it subsequently appears that there was actual danger of which he was at the time ignorant. Apprehension, in this connection, is synonymous with belief and not fear; and, regardless of the defendant's belief of the necessity of the case, if the death of his assailant results from the reasonable defense of himself, he is excusable.

SAME.—*Instruction to Jury.*—*Erroneous Instruction.*—*Reasonable Doubt.*—An instruction which states to the jury that if they are satisfied from the evidence that the defendant acted in self-defense, etc., is erroneous; for the burden is on the prosecution to prove to the satisfaction of the jury, or beyond a reasonable doubt, the guilt of the defendant, and it is sufficient if the defendant raises in the mind of the jury a reasonable doubt of his guilt.

INSTRUCTION TO JURY.—*General Instruction can not Cure a Specific One.*—*Taken as a Whole.*—*Sufficiency of.*—While it is true that instructions must be considered as a whole, and it is sufficient if taken together, they state the law correctly, yet general instructions given can not cure an error committed in giving a specific instruction.

From the Clay Circuit Court.

*J. E. Lamb, J. G. McNutt, S. R. Hamill* and *G. A. Knight,* for appellant.

*A. G. Smith,* Attorney General, for the State.

McBRIDE, J.—The appellant was tried on a charge of murder in the first degree. The jury found him guilty of voluntary manslaughter, and fixed his punishment at imprisonment in the State Prison for the period of five years.

He seeks a reversal of the judgment of conviction on this verdict, because of alleged error of the Circuit Court in overruling his motion for a new trial.

The first question discussed by counsel for the appellant relates to the action of the trial court in admitting in evi-

dence certain testimony by Dr. Richard Belt, a physician, who examined the decedent after he was shot.

The testimony objected to was as follows:

*Question.* " You may state the condition in which you found him ? "

*Answer.* " I found him lying under a tree, moaning, and he seemed to be suffering, as I suppose any one would from a shot wound through the abdominal cavity, and I drove up and he said to me, ' Doctor, give me something, quick.' I gave him an opiate and made a slight examination then and found that he had a shot wound, which I supposed to be through the abdominal cavity, and I said, ' we must get you home.' He said ' no ;' he said, ' let me die here ;' but of course there was a wagon sent for, and he was taken home from that point."

This occurred about one hour after the shooting, and about a quarter of a mile distant from where the shooting took place.

The testimony of the witness was interrupted by counsel for the appellant, who made the following statement: " The defendant admits ˙that Sanders" (the decedent) " died from the wound inflicted by the defendant, and that he died within twenty-four hours after the time the defendant shot him, and upon this admission we object to the question and answer, for the reason that it is immaterial and irrelevant, and not responsive to any matter in issue." A further objection was made to the exclamation of Sanders, that it was no part of the *res gestæ*, and that the defendant was not bound by the declarations of Sanders at that time.

It is contended that, because of the admission made by the accused, the court committed fatal error in admitting this testimony. It is not necessary for us to consider whether or not the facts observed by this witness, or the statements made either by him or the decedent at the time, are a part of the *res gestæ*, and admissible upon that ground.

.The State was required to prove that the accused did, in fact, kill the decedent as charged. While the admission made would seem to obviate the necessity for such proof, the State was not obliged to rest content with the admission. Every presumption is indulged in favor of the action of the trial court. There may have been something in the manner of making the admission unsatisfactory to the prosecutor, and the court might, in its discretion, permit him to supplement the admission by testimony. There was nothing in the exclamations or declarations by the decedent in the nature of a narrative of any past occurrence, or in any manner relating to the accused. The entire testimony only tended to show the condition of the decedent at the time, and that he did, in fact, die of the gunshot wound inflicted by the accused.

It would not have been error for the court to exclude it, and the court did not err in admitting it.

Counsel for the appellant prepared and, at the proper time, tendered to the court several special instructions, and asked that they be given to the jury. The court refused to give any of them, but, on its own motion, gave to the jury instructions evidently intended to cover the entire ground of those asked by the appellant. This action of the court is vigorously assailed by counsel.

They contend that a defendant in a criminal case is entitled to have the jury instructed "specially in his own way," when his request is seasonably made, and the special instructions are correct statements of the law, and applicable to the facts, that a fair construction of the sixth clause of section 1823, R. S., 1881, makes it the imperative duty of the court to give such special instructions, regardless of the fact that it may, on its own motion, or on the motion of the prosecutor, fully cover the ground in other instructions given. By the fifth clause of the section of statute above cited, it is made the duty of the court, in charging the jury, to "State to them all

matters of law which are necessary for their information in giving their verdict." A compliance with this statute requires the court to do more than simply place before the jury such general and abstract principles of law as may be applicable to the case in hearing. It requires that they be instructed specially upon such matters of law as may be necessary to aid them in the rendition of a just verdict upon the precise facts involved.

A defendant who desires additional specific instructions, must proceed in accordance with the sixth clause of this section, and ask for them in the proper way, and at the proper time. But it is not true, however, that the court is bound to give all the special instructions thus asked, even if they are precise and accurate statements of the law, presented in due season, and directly applicable to the facts. This provision of the statute is only intended to secure to the defendant the right to specific instructions upon questions not sufficiently covered by other instructions. It is not designed to compel repetition or reiteration.

Nor is it designed to enable either the defendant or the State to require the court to present to the jury, in the form of instructions, their peculiar opinions or theories. The jurors having the power, under the Constitution, to determine the law for themselves in criminal cases, counsel may properly and legitimately, in their argument, present to them their opinions and their theories, but the court, in its instructions, should declare only "the very law."

The rules of criminal procedure are not framed with a view to making difficult the conviction of those who are actually guilty of crime, but to render impossible, or, at least, to minimize the danger of the conviction of an innocent person.

The court did not err in refusing all of the special in-

structions asked, if it did, in fact, give in lieu thereof other instructions fully covering the same grounds.

This brings us to the consideration of the specific objections to the court's action in giving and refusing instructions.

The accused admitted that he killed the decedent, but insisted that it was done in self-defense. The court instructed the jury very fully relative to the law of self-defense, not only as to the general principles, but specifically applying the law to the facts as they were claimed to be by the defense and by the prosecution respectively. These instructions were full, and, with one exception, to be hereafter noted, were accurate statements of the law.

The particular objection urged to the instructions given and to the action of the court in refusing the special instructions asked is, that the trial court improperly limited and restricted the right of self-defense. Among other instructions upon that subject, the court gave the following:

" The right of self-defense extends to all cases where, from the acts of the assailant, the defendant, being without fault himself, believes, and has reason to believe, that he is in great danger of bodily harm. When one person unlawfully attacks another, the person so unlawfully attacked may repel force by force. He may use as much force as he may reasonably think is necessary to repel the attack, and if the party be in imminent danger of life, or of receiving considerable personal harm; or if the party may reasonably believe, under the circumstances, that he can not avoid danger of life or great personal harm in any other way, in such case he may lawfully take the life of his assailant. In other words, a man may lawfully defend himself, and return blow for blow, but he can not lawfully do more than he may reasonably think is necessary for his own defense.

" When a person, being without fault himself, in a place

where he has a right to be, is violently assaulted by another, he may, without retreating, repel force by force; and if, in the reasonable exercise of his right of self-defense, his assailant is killed, he is justifiable, provided he uses no more force than, under all the facts and circumstances, reasonably appear to him at the time to be necessary.

"If the assault of the attacking party be of such a character, and so imminent as to warrant the party assaulted, considering his situation and apparent surroundings, to believe that he is in danger of the loss of life or great bodily harm, and he does so believe, he may, without delay, use such means as may be at hand, and reasonably seems to him to be necessary to repel the apprehended danger or attack, and if death follows as a result thereof, he will not be guilty of an unlawful homicide; and if, in such case, the danger appears to be real, and is reasonably believed by him to be so, the fact, if such be the fact, that the danger was not real, but only apparent, and in fact he was not in danger, such fact would not render him guilty, for the question of apparent necessity, as well as the amount of force necessary to employ to resist an attack, can only be determined from the standpoint of the defendant at the time, and under all the existing circumstances.

"A homicide purposely committed is not excusable on the ground of self-defense, unless the accused reasonably believes it necessary to save his own life or avoid great bodily harm; but one may reasonably defend himself when assaulted, and if thereby the assailant be unintentionally killed, without a belief that the killing is necessary, the homicide is excusable. But, when a party in his defense purposely goes beyond what is reasonably necessary, and beyond what he believes to be necessary, he ceases to act in self-defense, and becomes an aggressor, and if, under such

circumstances, he purposely takes the life of the assailant, he is guilty of felonious homicide."

The appellant contends that the court should have instructed the jury that if there was, in fact, danger that the accused might suffer injury or death at the hands of the deceased, the killing was justifiable, as in self-defense, regardless of any question of apprehension of danger on his part, or of any appearance of danger; that one may kill another when he is in no apparent danger, does not apprehend danger, and may even act from feelings of malice in so doing, and may successfully defend as having acted in self-defense if it can be shown that there was actual danger of which he, at the time, knew nothing.

This is not the law. The law allows one who is himself without fault, and is in a place where he has the right to be, to protect himself from threatened danger, and to use for that purpose such force as may, at the time, reasonably seem necessary, and no more. The danger may be actual, or only apparent. As stated by the court, in the instruction given, "The question of apparent necessity, as well as of the amount of force necessary to employ to resist an attack, can only be determined from the standpoint of the defendant at the time, and under all the existing circumstances." Ordinarily, one exercising the right of self-defense is compelled to act upon the instant, and with no time for deliberation or investigation, and under such circumstances a danger which exists only in appearance is to him as real and imminent as if it were actual.

It is, however, not the law that one who is in no apparent danger even, who does not, in fact, apprehend any danger, and who has no reasonable ground for such apprehension, may deliberately and maliciously kill another and successfully interpose the defense of self-defense because it subsequently appears that there was actual danger, of which he was at the time ignorant.

The word apprehend, as used in this connection, is not synonymous with fear, but with belief. The party assailed need not *fear* the threatened danger. It is sufficient if he *believes*, in good faith, that there is actual danger that he will suffer bodily harm if he does not resist and meet force with force.

Nor is it necessary that he should believe it necessary to take the life of his assailant. If the death of his assailant results from his reasonable defense of himself he is excusable, whether he intended that consequence or not, or whether he believed such result was necessary or not. 1 Bishop Crim. Law, section 853.

Counsel also argue, with much earnestness, that the instructions given were liable to mislead the jury into the understanding that the right of self-defense only exists when the danger is merely apparent, and not real.

We can not conceive of a jury selected in Indiana, under our present code of criminal procedure, for the trial of a murder case, being misled in the manner indicated by the instructions given.

The nineteenth instruction given by the court summarizes the facts which the appellant insisted were shown by the evidence justifying his action in killing the decedent.

It is prefaced by the following statement: "Upon the other hand, if you are satisfied, from the evidence in the cause, that," etc. It concludes with the following: "Then I instruct you that the defendant acted in self-defense, even though the shooting resulted fatally to the decedent, and you should, in that event, find him not guilty."

This instruction is erroneous, and the judgment must be reversed because of the error of the court in giving it. A defendant in a criminal cause is never required to "*satisfy*" the jury of the existence of any fact which, if true, is a complete defense.

It is true that the defense was affirmative in its character. It admitted the homicide, but insisted that it was

justifiable. The defendant was not required, however, to satisfy the jury that it was justifiable. It was enough if the evidence upon that branch of the case raised in .the minds of the jury a reasonable doubt. The instruction imposed upon the accused an undue burden. The jury should have been instructed that if, from the evidence, there was reasonable doubt whether or not the homicide was committed under the circumstances claimed by the accused he should be acquitted.

The court had previously instructed the jury as to the presumption of innocence with which the law clothed the accused, the degree of proof required to convict, and as to the rule of reasonable doubt. These instructions covered the ground fully, and were accurate and unexceptionable. They were, however, general in their character. While it is true that instructions must be considered as a whole, and that it is sufficient, if taken together, they state the law correctly, the general instructions given can not cure the error committed in giving the specific instruction. The inevitable tendency of the instruction given would be to lead the jury to understand that, as applied to the affirmative defense, the burden shifted, and that while the State must satisfy them of the fact of the homicide by evidence, and beyond a reasonable doubt, the defendant was in turn required to satisfy them, by some degree of proof, that it was justifiable.

Several other questions are argued, but as they may not arise on a retrial of the cause, it is not necessary for us to consider them.

Judgment reversed, with directions to the Clay Circuit Court to grant a new trial.

Filed November 29, 1892.