## CLARK v. THE STATE.

[No. 19,803.   Filed June 18, 1902.]

CRIMINAL LAW.—*Self-defense.* —*Reasonable Doubt.*—*Instructions.*—In a prosecution for an assault and battery with felonious intent, in which the defendant sought to justify his act on the ground of self-defense, the court erred in instructing the jury to the effect that defendant was required to establish such defense beyond a reasonable doubt; since it is the duty of the jury in such case if the evidence raises a reasonable doubt in their minds as to whether any material fact favorable to such defense has been proved to give the defendant the benefit of the doubt and find the fact in question in his favor.  *pp. 60–67.*

TRIAL. —*Instructions.*— *General and Specific.*—Although instructions must be considered as a whole, general instructions given can not cure error committed in giving a specific instruction.  *p. 66.*

From Hancock Circuit Court; *E. W. Felt*, Judge.

Noah M. Clark was convicted of an assault and battery with intent to commit murder in the second degree, and he appeals.  *Reversed.*

*E. Marsh* and *W. W. Cook*, for appellant.

*W. L. Taylor*, Attorney-General, *C. C. Hadley*, *Merrill Moores*, *Binford & Walker*, *Barrett & Wiggins* and *A. C. Vanduyn*, for State.

JORDAN, J.—Appellant was indicted for an assault and battery upon one William Reed with the felonious intent to commit murder in the first degree.   On a trial before a jury, he was convicted of an assault and battery with the intent to commit murder in the second degree, and over his motion for a new trial, was sentenced to be imprisoned in the reformatory prison at Jeffersonville for an indeterminate period of from two to fourteen years, and to pay a fine of $5, together with all costs.   From this judgment he appeals. On the trial, appellant justified his act of committing the assault and battery in controversy upon the prosecuting witness on the ground of self-defense.   The errors assigned and discussed by his counsel relate (1) to the giving

of certain instructions to the jury; (2) misconduct of the State's attorney in his argument to the jury; and (3) error of the court in refusing a new trial on newly discovered evidence.

There is in the record evidence to prove that appellant and Reed, the prosecuting witness, both resided in the town of Fortville, in Hancock county, Indiana, and on a certain night in August, 1901, Reed and appellant were around the saloons of that town, appellant spending the greater portion of the evening in the saloon of Chapple & Crist, and, on this saloon being closed at eleven p. m., he left and went out on the street, and in a short time thereafter he, in company with some others, walked up to where Reed was standing and handed him a handkerchief which he said belonged to one of Reed's brothers. A controversy then appears to have arisen between the parties in respect to a fight which appellant had with Reed's brother some seven or eight years in the past. Reed seems to have controverted the claim of appellant that he had whipped the former's brother in that fight, and each appears to have charged the other with being a liar. Thereupon they clinched each other and engaged in a fight. In the struggle they both fell to the ground, appellant falling on top of Reed. Thereupon the latter drew a razor, which he had concealed about his person, and began to cut appellant. He cut him in the arm, and also cut his coat in several places. The parties were then separated by bystanders. After they were separated it is shown that appellant was bleeding profusely from the cut in his arm, and more opprobrious language passed between the parties. Appellant, as disclosed, after he got up threw some stones at Reed, one of which struck him on the head, and he also fired a revolver which he had. In justification of his shooting on this occasion he claimed, upon the trial, that Reed, after they had been separated, rushed towards him, and that he told him to stand back, and thereupon fired his revolver over Reed's head in order to frighten him. Reed

then left and went down to Dr. Stewart's office for the alleged purpose of having his head dressed by the doctor. The office was closed, and he was directed to wait until the doctor could come to the office. Reed, then, it appears, went and stood near the mouth of an alley opposite Dr. Stewart's office. He claimed on the trial, when testifying, that he was standing there waiting for the doctor to come and open the office. Some time after Reed started to the doctor's office, after the first encounter, which it appears occurred between eleven and twelve o'clock at night, appellant, according to his own version and testimony in respect to the matter, started to go home; that his arm, by reason of the cut which Reed had inflicted with his razor, was bleeding profusely, and that he was much excited, and, as he was passing down the street on his way home, when he reached the point where Reed was standing near the mouth of the alley, the latter came at him, and threw a brick which struck him on the shoulder. Reed, then, as appellant claims, ran towards him, and began to strike at him with a razor or knife which he had in his hand, and succeeded in cutting several gashes in his clothes, cutting him across the arm of the coat; that after Reed struck him with the brick, and after cutting his clothes with a razor as stated, Reed ran out to a point ten feet near the mouth of the alley, and stooped down to pick up a brick or stone, and appellant, believing that he was about to be assaulted again by Reed with a brick, drew his revolver and fired, the shot taking effect in the region of Reed's hip. The evidence of the latter given upon the trial is in sharp conflict with appellant's statements and version of the assault or affair in the alley. The State claimed, and introduced evidence in support of its claim, to the effect, that after Reed and appellant had been separated at the time of their first fight, and after the former had started for the doctor's office, appellant followed Reed, overtaking him at the alley in question; that Reed heard appellant coming after him and thereupon picked up a brick and threw

it at him.   Reed stated that he did not know whether the brick hit appellant or not; that, after he threw the brick, he testified that he started and ran towards the doctor's office, and when about ten or fifteen feet away from appellant, the latter shot at him with his revolver, the ball hitting him near the hip.

The trial judge in his charge to the jury, after giving some general instructions and one special instruction relating to the law of self-defense, gave the following instruction in respect to the claim of appellant, that, under the facts, his act of shooting the prosecuting witness was justified on the ground of self-defense: "If, however, you believe from the evidence, beyond a reasonable doubt, that the prosecuting witness, at the mouth of the alley, or near thereto, threw a brick at or against the defendant, or otherwise assaulted him, and immediately thereupon turned and fled from the defendant, and that, while so fleeing, the defendant, not reasonably apprehending death or great bodily harm, shot the prosecuting witness, Reed, such shooting would not be justifiable, and you would be warranted in finding the defendant guilty, as charged in the indictment."

Counsel for appellant vigorously assail and condemn this charge because, as they assert, it is misleading, and that the effect thereof was to advise the jury that the law cast the burden upon the defendant of satisfying them by evidence, beyond a reasonable doubt, that he properly exercised his right of self-defense.   In other words, counsel contend that the court, under this instruction, in effect, informed the jury that if they found beyond a reasonable doubt that the prosecuting witness, at or near the mouth of the alley in question, assaulted the defendant with a brick, or if they believed, beyond a reasonable doubt, that he otherwise assaulted the defendant, and found the other facts therein stated to be true beyond a reasonable doubt, they would be warranted in finding the defendant guilty as charged in the indictment.   The contention is advanced, that the de-

fendant was not required to establish beyond a reasonable doubt any of the facts relating to the defense which he had interposed in justification of his action, but if the evidence in the case created or raised in the minds of the jurors a reasonable doubt as to whether he had lawfully exercised his right of self-defense, then, and in such event, he was entitled to be acquitted. While the State was required to establish beyond a reasonable doubt the guilt of the defendant, nevertheless it was not incumbent upon the latter to satisfy the jury beyond a reasonable doubt that any of the facts upon which he based his defense were proved. If the evidence raised a reasonable doubt in the minds of the jurors as to whether any material fact favorable to the defense of the accused had been proved, it would in that event be their duty to give him the benefit of such doubt, and find the fact in question in his favor. *Wade* v. *State,* 71 Ind. 535-540; *Plummer* v. *State,* 135 Ind. 308; *Trogdon* v. *State,* 133 Ind. 1; *Hinshaw* v. *State,* 147 Ind. 334-384.

The case of *Plummer* v. *State, supra,* was a charge of murder. The lower court in the course of instructions advised the jury that if they found certain facts to be true, then they should find the defendant guilty, unless they found beyond a reasonable doubt (1) that the shooting was justifiable on the ground of self-defense, (2) or unless they found beyond a reasonable doubt that the defendant, at the time, was of unsound mind. This charge was held to be erroneous, the court saying: "As long as there is a reasonable doubt of the sanity of a defendant in a criminal case, at the time of the commission of the alleged offense, there must necessarily be a reasonable doubt of his guilt; and as long as there is a reasonable doubt whether the homicide was not committed in the reasonable exercise of the right of self-defense there is also a reasonable doubt of the guilt of the accused. The instructions in question required the defendant to prove his innocence in that respect beyond a reasonable doubt."

The rule is well settled in this State, under our criminal procedure, that if the evidence, whether produced by the State or by the accused, leaves a reasonable doubt in the minds of the jury in regard to his guilt, he is entitled to an acquittal. In *Trogdon* v. *State,* 133 Ind. 1, the charge was murder. The defendant relied upon self-defense in justification of the homicide. The trial court, as disclosed, advised the jury fully relative to the law of self-defense, not only generally but also specifically, applying the principles of the law to the particular facts as they were claimed to exist by the State and the accused respectively. By instruction nineteen given to the jury in that case, the court summarized the facts which the defense claimed had been shown in justification of the homicide. The instruction was prefaced by the following statement: "Upon the other hand if you are satisfied from the evidence in the case that," etc., the instruction concluding, "then I instruct you that the defendant acted in self-defense even though the shooting resulted fatally to the decedent, and you should in that event find him not guilty." This instruction, on appeal in that case, was condemned as erroneous, and the judgment of conviction, by reason of the error, was reversed. This court in that case said: "It is true that the defense was affirmative in its character. It admitted the homicide, but insisted that it was justifiable. The defendant was not required, however, to satisfy the jury that it was justifiable. It was enough if the evidence upon that branch of the case raised in the minds of the jury a reasonable doubt. The instruction imposed upon the accused an undue burden. The jury should have been instructed that if, from the evidence, there was reasonable doubt whether or not the homicide was committed under the circumstances claimed by the accused he should be acquitted. The court had previously instructed the jury as to the presumption of innocence with which the law clothed the accused, the degree of proof re-

quired to convict, and as to the rule of reasonable doubt. These instructions covered the ground fully, and were accurate and unexceptionable. They were, however, general in their character. While it is true that instructions must be considered as a whole, and that it is sufficient, if taken together, they state the law correctly, the general instructions given can not cure the error committed in giving the specific instruction. The inevitable tendency of the instruction given would be to lead the jury to understand that, as applied to the affirmative defense, the burden shifted, and that while the State must satisfy them of the fact of the homicide by evidence, and beyond a reasonable doubt, the defendant was in turn required to satisfy them, by some degree of proof, that it was justifiable."

The rule enforced in the Trogdon case must control in this. In criminal prosecutions where the defense was an *alibi* the rule has been frequently affirmed by this court that if the evidence relating thereto created a reasonable doubt of the guilt of the accused, he should be acquitted. *Adams* v. *State,* 42 Ind. 373; *Binns* v. *State,* 46 Ind. 311; *Kaufman* v. *State,* 49 Ind. 248; *French* v. *State,* 12 Ind. 670, 74 Am. Dec. 229.

The claim of appellant, under the evidence, was that Reed, when near the mouth of the alley in controversy, assaulted him with a brick and razor. The assault and battery so perpetrated by Reed upon appellant was one of the essential or material facts in the latter's defense of justification. It was the very base of his defense, and certainly was such a material fact, which, if upon a consideration of all the evidence relating thereto a reasonable doubt was thereby raised in the minds of the jury as to its existence, then, in that event, the jury was required under the law to find thereon in favor of the accused. *Trogdon* v. *State,* 133 Ind. 1; *Plummer* v. *State,* 135 Ind. 308. Neither was it essential that the jury, under the evidence, should believe beyond a reasonable doubt that appellant apprehended death

Clark *v.* State.

or great bodily harm, under the circumstances, when he fired the shot in question. As to this material fact in his defense, if the evidence created a reasonable doubt in regard to its existence, then the finding of the jury thereon should also have been in his favor. Considered in any light the charge may be said to be misleading. The State was the only party upon whom it was incumbent to prove any material fact beyond a reasonable doubt. It was not required to prove that the prosecuting witness assaulted the defendant with a brick, "or otherwise assaulted him," or to prove any facts in support of the defendant's defense, hence the rule of requiring that the proof must be beyond a reasonable doubt could properly have no application so far as this particular instruction was concerned. In truth, the only application, under the circumstances, that the jury could make of the instruction was that the court thereby intended to advise them that the defendant was required to prove the assault upon him by Reed, and other facts stated in the charge beyond a reasonable doubt. If an instruction, when considered in connection with others in the case, tends to leave the jury in doubt and uncertainty as to what is the law applicable to the case presented for their consideration, the judgment under such circumstances must be reversed. *Kirland* v. *State,* 43 Ind. 146, 13 Am. Rep. 386; *State* v. *Sutton,* 99 Ind. 300.

We conclude, for the reasons herein stated, that the court erred in giving the instruction in dispute, for which error the judgment must be reversed. The other alleged errors argued by counsel may not arise again upon another trial, therefore, we pass them without consideration.

The judgment is reversed, and the cause remanded to the lower court, with instructions to grant appellant a new trial. The clerk will issue the necessary warrant for the return of the prisoner to the sheriff of Hancock county.