## MALES *v.* STATE OF INDIANA.

* [No. 24,415.   Filed April 30, 1927.] ·

1. CRIMINAL LAW.—It is not error to refuse to give an instruction which is covered by an instruction given.   p. 198.

2. HOMICIDE.—*Instructions as to self-defense held properly refused.*— In a prosecution for murder, instructions on self-defense which did not require the defendant to be without fault and in a place where he had a right to be, or, if not without fault at the inception of the assault, that he gave up the affray before injury was done to his opponent and retreated, were properly refused.   p. 198.

3. CRIMINAL LAW.—*Instruction that evidence was not to be considered in fragmentary parts did not invade province of jury to determine the law and the facts.*—An instruction that the evidence was not to be considered in fragmentary parts as though each fact and circumstance stood apart from the others, but that the entire evidence should be considered, did not invade the constitutional province of the jury to determine the law and the facts (Art. 1, §19, §71 Burns 1926). p. 199.

4. HOMICIDE.—*Jury cannot fix the punishment for murder.*—In a prosecution for murder, the jury cannot fix the punishment and bind the court in passing sentence on the defendant.   p. 199.

5. HOMICIDE.—*Instruction authorizing jury to consider defendant's physical condition and time spent in jail held error.*—In a prosecution for murder, an instruction that the jury might consider evidence as to the defendant's physical condition and the length of time he had been confined in jail in determining the punishment to be assessed was error, as the jury had nothing to do with fixing the punishment unless it found him guilty of a lesser crime than murder, which is authorized by §2312 Burns 1926 (*Davis* v. *State*, 152 Ind. 145, distinguished).   p. 199.

6. HOMICIDE.—*Instruction as to self-defense held error.*—An instruction as to self-defense which informed the jury that if a person is assaulted in such a manner as to produce on the mind of a "reasonable person" a belief that he is in actual danger of losing his life, he would be justified in defending himself, was error, as it authorized the jury to use an imaginary person as a guide in determining whether the defendant was justified in repelling the assault.   p. 200.

7. HOMICIDE.—*Instruction as to withdrawal of defendant if he invited the controversy held not error.*—An instruction that "if the defendant invited the controversy and it is shown by the evidence that he did," it would be the duty of the defendant to withdraw from the contro-

versy, was not erroneous as stating that the evidence showed that he did, but the word "if" which qualified the first clause was intended to and did qualify the second clause and was not misleading. p. 201

8. HOMICIDE.—*Instruction that defendant should be acquitted if there was any doubt whether he was without fault, held erroneous.*—In a prosecution for murder, where the defendant claimed that he acted in self-defense, an instruction that the defendant should be found not guilty if there was a "reasonable doubt from all the evidence as to whether the defendant was without fault" was erroneous, for the reason that it stated a negative pregnant. p. 201.

9. HOMICIDE.—*Instruction as to "reasonable doubt" held erroneous.*— It is not the law that one accused of murder is presumed to be at fault by reason of being the aggressor until it is established beyond a reasonable doubt that he was at fault. p. 201.

10. HOMICIDE.—*Instruction containing statement that carrying revolver concealed is unlawful act is irrelevant to prosecution for murder.*— In a prosecution for murder, an instruction that carrying a concealed revolver is unlawful was erroneous, even though the evidence tended to prove that the homicide was caused by a shot from a pistol, as such fact would not be relevant to the prosecution. p. 202.

11. CRIMINAL LAW.—An instruction must not only be relevant to the evidence, but it must also be applicable to some element of the offense as defined in the pleadings. p. 202.

12. HOMICIDE.—*Instruction as to what evidence must show to justify claim of self-defense held erroneous.*—An instruction in a prosecution for murder, that, before the killing could be justified on the ground of self-defense, it must appear to the "reasonable satisfaction" of the jury that the defendant had reasonable cause to believe and did believe that the deceased was about to kill him or do him some great bodily harm, was erroneous, as it is sufficient to require his acquittal if the evidence raises a reasonable doubt as to his guilt. p. 202.

From Madison Circuit Court; *William A. Kittinger,* Judge.

Fred Males was convicted of murder in the second degree, and he appeals. *Reversed.*

*Floyd G. Christian, Gentry, Cloe & Campbell* and *Diven, Diven & Campbell,* for appellant.

*U. S. Lesh,* Attorney-General and *O. S. Boling,* for the State.

TRAVIS, J.—This is a criminal prosecution upon an indictment which charged appellant with murder in the second degree, by unlawfully, feloniously, purposely and

maliciously, but without premeditated malice, killing deceased by shooting him with a revolver, etc. The verdict was guilty of murder in the second degree, upon which judgment was rendered that appellant be sentenced to the state prison for life.

The error relied upon for reversal is that the court erred in overruling appellant's motion for a new trial. The alleged errors presented by the motion for a new trial are based upon the instructions given by the court upon its own motion, and the sufficiency of the evidence to sustain the verdict. The defense was upon the theory of shooting in self-defense. Inasmuch as the case is to be reversed because of erroneous instructions, it is unnecessary to narrate the facts or to pass upon the sufficiency of the evidence to sustain the verdict.

Many instructions are challenged. They will be considered in their order of presentation.

1. Instruction No. 6, requested by the defendant and refused by the court, was covered by instruction No. 22, given by the court. It was not error to refuse it.

The defendant tendered two instructions to the court which concerned self-defense. The instructions were incomplete, whether taken singly or together.

2. The case of *Plummer* v. *State* (1893), 135 Ind. 308, 314, 34 N. E. 968, is cited in the brief to sustain the first instruction, which may apply to both of them, but this case held that the defense must be based upon the fact that the defendant must be without fault and in a place where he had a right to be. Neither of these instructions indicate that even though defendant was not without fault at the inception of the assault, yet he gave up the fight before injury was done to his opponent, and retreated. The requested instructions were properly refused. *Spurlin* v. *State* (1919), 189 Ind. 273, 276, 124 N. E. 753; *Plummer* v. *State, supra.*

Error is predicated upon the following sentence, which is a part of instruction No. 14, to wit: "Evidence is not to be considered in fragmentary parts, and 3. as though each fact and circumstance stood apart from the others, but the entire evidence is to be considered," for the reason that it invades the province of the jury, in that it imposes restrictions and limitations derogatory to the organic law, that, "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." (Constitution of Indiana, Art. I, §19); and because it is contradictory, confusing, uncertain and indefinite. The objectionable sentence is upheld in its meaning and application by the reasoning and conclusion of the court in the case of *Hinshaw* v. *State* (1897), 147 Ind. 334, 381, 47 N. E. 157, and further explication is unnecessary.

Appellant claims the giving of the following instruction was error: "No. 23. Some evidence has been introduced as to defendant's physical condition and 4, 5. to the length of time defendant has been in jail. This evidence is not competent to prove the guilt or innocence of the defendant in this case, but is proper and competent in the event you find the defendant guilty from all the evidence beyond a reasonable doubt, as to the quantum of punishment to be assessed." The jury could not fix the punishment which would bind the court in passing sentence upon a verdict of guilty; in this case, it could only find the degree of the crime. (§2312 Burns 1926) In so far as the instruction being applicable to either the pleadings or the evidence in the case, it was useless. If it might be considered that defendant's physical condition and the length of time he waited in jail before trial should be an element in reaching a verdict of the degree of the crime committed, it is clearly erroneous. It neither pertained to nor was it applicable to the evidence or the pleadings. It was

irrelevant. Though appellee asserts that the instruction was harmless, still, by causing the court's instructions to be overloaded with useless material, the weight thus carried might be the cause of preventing the legal journey reaching the proper destination. We unqualifiedly disapprove of this instruction, but if it were the only error in the case, we might hesitate to reverse the case upon this ground alone. The case of *Davis* v. *State* (1899), 152 Ind. 145, 52 N. E. 754, relied on by the appellee, is clearly distinguished in that it concerned pure surplusage.

Instruction No. 32 concerns the right of self-defense. Defendant objects to it because of the use of the words "reasonable person"; which is the antecedent of 6. the pronouns which follow, and is also the antecedent of the words "such person"; and which appellation designates an ideal person to be the guide by which to conclude that the defense made by defendant was self-defense or not. The instruction follows: "No. 32. The court instructs that if a person is assaulted in such a manner as to produce on the mind of a reasonable person a belief that he is in actual danger of losing his life, or of suffering great bodily harm, he will be justified in defending himself, though the danger be not real but only apparent. Such person will not be held responsible criminally if he acts in self-defense from real and honest conviction as to the character of the danger induced by reasonable evidence, though he may be mistaken as to the extent of the actual danger."

The lawful way for a jury to approach and consider the evidence which relates to defense by the accused to conclude whether the accused acted in self-defense, is to get the accused's attitude of mind when he made his defense, under all the surrounding circumstances, together with such facts in evidence that led to the altercation, and that in repelling the assault, the accused used no more force than was reasonably necessary for

his own self-defense.  This instruction uses as a guide an imaginary person, which is contrary to law.  *Batten* v. *State* (1881), 80 Ind. 394, 404, 405; *Boyle* v. *State* (1886), 105 Ind. 469, 475, 5 N. E. 203, 55 Am. Rep. 218.

Defendant claims that instruction No. 35 invaded the province of the jury by the use of the language, that "if he (defendant) did invite the controversy and it is shown by the evidence that he did, then in that event it would be the duty of the defendant to withdraw from the controversy"; and further, that the language was not applicable to the evidence.  We find that the instruction was applicable to the evidence. The first objection is that the court, by the language used, found that the evidence shows that defendant invited the controversy; and thereby sought to bind the jury by such finding.  The instruction is not subject to the interpretation made by defendant.  The objectionable clause "and it is shown by the evidence that he did" is not separated from the preceding clause by any punctuation.  The word "if," which qualifies the first clause, was intended to and does qualify the second clause to which objection is made.  The language did not bind the consciences of the jurors.

This language, to wit:  If you (jury) find that "there is a reasonable doubt from all the evidence as to whether the defendant was without fault," he should be found not guilty, which occurs in instruction No. 36, is the basis of alleged error, because it is a negative pregnant.  It is not the law that a defendant is presumed to be at fault, by being the aggressor, until it is established as a fact beyond a reasonable doubt that he was at fault.  Appellee's proposition is, that the instruction was harmless, even if erroneous.  At least, the rule was incorrectly stated; from which it follows, in this instance, that the instruction is erroneous.  Instruction No. 39 is:  "The carrying of a revolver con-

cealed about the person of one is an unlawful act and it is defined by statute as follows, to wit:" The remainder of the instruction consisted solely of quoting §2345 Burns 1914, which is the penal statute concerning carrying a dangerous or deadly weapon concealed.

There is evidence in this case which attempts to prove that the homicide was caused by a shot from a pistol. An instruction, however, must not only pertain to the evidence, but must be applicable to some element of the offense, i. e., to the pleadings. The fact, if it be a fact, that at the time of the homicide, and immediately prior thereto, defendant, not being a traveler, carried concealed a dangerous and deadly weapon, is not a material element of the crime of murder; which act of so carrying a concealed weapon is an offense in itself, any more than would be the fact that, at the time of the homicide, a defendant was violating the statutory offense of public intoxication. The giving of this instruction over objection is reversible error. *Potter* v. *State* (1904), 162 Ind. 213, 216, 217, 70 N. E. 129, 64 L. R. A. 942, 102 Am. St. 198, 1 Ann. Cas. 32.

Instruction No. 42 concerned self-defense. It contained the following alleged erroneous statement, to wit: "*Before such killing can be justified on the ground of self-defense, it must appear to the reasonable satisfaction of the jury* from the whole of the evidence that the defendant, at the time of the shooting had reasonable cause to believe and did believe that the deceased was about to kill him, or to do him some great bodily harm"; which alleged error is based upon the italicized words. The objection is, that "In other words 'before such killing can be justified on the ground of self-defense, it must appear to the reasonable satisfaction of the jury,' that the defendant acted in self-defense." The instruction is an error of law. The defendant, under a defense of self-defense, is not required

to satisfy the jury that the homicide was justifiable. "It is enough if the evidence upon that branch of the case raised in the minds of the jury a reasonable doubt." *Clark* v. *State* (1902), 159 Ind. 60, 65, 54 N. E. 589; *Trogdon* v. *State* (1892), 133 Ind. 1, 32 N. E. 725; *Parker* v. *State* (1894), 136 Ind. 284, 35 N. E. 1105; *Dorak* v. *State* (1915), 183 Ind. 622, 109 N. E. 771.

The order by the trial court overruling the defendant's motion for a new trial was erroneous. The judgment is reversed. The cause is remanded to the Madison Circuit Court, and it is ordered that the motion for a new trial be sustained. The warden of the state prison is directed to deliver the defendant to the sheriff of Madison county, there to abide the order of the Madison Circuit Court; the clerk is directed to issue the necessary order.