## BACHELOR *v.* STATE OF INDIANA.

[No. 24,790. Filed December 5, 1928.]

394

*Walterhouse & Miller*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *U. S. Lesh*, for the State.

TRAVIS, J.—Appellant appeals from the judgment upon a verdict of guilty, as charged in the third and fourth counts of an affidavit of five counts. Count three charged a violation of §15, ch. 4, Acts 1917 (receiving intoxicating liquor from a carrier), and count four charged a violation of §1 of ch. 23, Acts 1923 (sell, barter, exchange, etc.).

The appeal is prosecuted upon the alleged error in overruling the motion for a new trial; which motion presented to the trial court for consideration certain instructions given to the jury over appellant's objections, and the sufficiency of the evidence to sustain the verdict.

Appellant's proposition that instructions Nos. 1 and 23, given by the court, when considered together, are

misleading, confusing and ambiguous, is not supported by his points of law. Instruction No. 1 merely quoted to the jury the five counts of the affidavit; and instruction No. 23 is, that the jury can, if the evidence warrants it beyond a reasonable doubt, find defendant guilty of any one, or more, of the different counts or all of them, or acquit defendant; then submits several forms of verdicts; and instructs concerning the penalties provided by law; and the difference between a general verdict and a special verdict of guilty upon any one or more of the counts. The two instructions are not related. One instruction does not dispute the other. They are not subject to comparison. These two instructions, if they were considered together by the jury, did not confuse the jury, as proposed by appellant, because a special verdict was returned as to counts three and four, which shows the jurors understood, or thought they understood, these instructions, and their right to find appellant guilty specially, as they did, instead of generally.

The court's instruction four purports to instruct as to the law and punishment applicable to count three of the affidavit, by quoting §§15 and 38 of ch. 4, Acts 1917. The instruction was pertinent to that count, and is not in itself subject to the objection made to it, i. e., that it is in conflict with other instructions, particularly instruction No. 9. Instruction No. 9 is plainly to the effect that if the jury find upon the evidence, beyond a reasonable doubt, that the defendant did unlawfully receive intoxicating liquor from a common or other carrier, or that he unlawfully possessed intoxicating liquor received from a common or other carrier (as charged in count three), then in that case defendant is guilty under count four of the affidavit (which count is based upon §1, ch. 23, Acts 1923, and charges an unlawful sale, barter, gift, etc.). Neither instruction No. 9

nor the other instructions complained of for the reason that these instructions were in conflict with instruction No. 4, made the giving of instruction No. 4 erroneous. But objection was made to instruction No. 9, which objection was well taken, and should have been sustained. A verdict that one is guilty of having unlawfully received intoxicating liquor from a common or other carrier is not a foundation from which an inference may be drawn that the same person is guilty of having made an unlawful sale or gift, or other disposal of it.

Instruction No. 9 is diametrically opposed to other instructions given. *Clark* v. *State* (1902), 159 Ind. 60, 64 N. E. 589. It was necessary for the jury to discriminate, and believe one and disbelieve the other, if they chose to be guided at all by the court's instructions. Instruction No. 9 was an erroneous statement of the law. To decide that this error was harmless, or that it did not prejudice the rights of appellant, is too great a responsibility. Appellant was and is entitled to a fair trial.

Based upon the alleged cause for a new trial, that the verdict of guilty is not sustained by sufficient evidence, appellant asserts the proposition that there is an entire failure of any evidence to support a verdict of guilty of either of counts three and four. The bill of exceptions is bare of any evidence that might even support an inference that appellant had received the intoxicating liquor from anyone whomsoever, at any place, any time, or that any intoxicating liquor had ever been brought to appellant's home or to him, or to anyone else for him. Inasmuch as the case will be remanded for a new trial, upon error in giving instruction No. 9 to the jury, and evidence presented at the new trial, the sufficiency of the evidence in the record to sustain the verdict is not considered.

Other instructions that were given by the court to the

jury over appellant's objection are presented as reversible errors, which are not considered, because it is not necessary. The error assigned upon the overruling of the motion for a new trial, for giving instruction No. 9 over objection, is sustained. The case is remanded with instructions to sustain appellant's motion for a new trial.

Judgment reversed.