


FILED

Jun 26 2024, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

T'arel Jordan Justice,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

June 26, 2024

Court of Appeals Case No.
23A-CR-2592

Appeal from the Marion Superior Court

The Honorable Cynthia L. Oetjen, Judge

Trial Court Cause No.
49D30-2009-F3-29631

---

**Opinion by Judge Tavitas**
Judges Crone and Bradford concur.

**Tavitas, Judge.**

## Case Summary

[1] After a bench trial, T'arel Justice was convicted of aggravated battery, a Level 3 felony. Justice argued at trial that he could not be convicted of aggravated battery because he acted in self-defense and in defense of a third party. On appeal, Justice argues that, in finding him guilty of aggravated battery, the trial court misapplied the burden of proof on his self-defense and defense of a third party claims. Justice was also convicted of two counts of resisting law enforcement; however, the trial court later vacated one of these convictions. Justice argues that the sentencing order and abstract of judgment fail to mention that one of the resisting law enforcement convictions was vacated, so these documents must be corrected. We agree with Justice that: (1) the trial court misapplied the burden of proof on his self-defense and defense of a third party claims; and (2) the sentencing order and abstract of judgment fail to mention that one of the resisting law enforcement convictions was vacated, and these documents, thus, must be corrected. Accordingly, we affirm in part, reverse in part, and remand.

## Issues

[2] Justice raises two issues on appeal, which we restate as:

> I. Whether the trial court misapplied the burden of proof on Justice's self-defense and defense of a third party claims.

II.      Whether the sentencing order and abstract of judgment are erroneous because they fail to mention that one of the convictions for resisting law enforcement was vacated.

## Facts

[3]    In the fall of 2020, Justice was in a relationship with Tiana Goler, who was pregnant with his child. On September 20, 2020, Tiana argued with a former friend, Kandy Byrd, about a social media post that Kandy had recently posted on Instagram. Tiana believed that Kandy made the post to insult Tiana, and Tiana expressed her intentions to go to Kandy's residence and fight her.

[4]    Kandy lived in Indianapolis at the same apartment complex as her sister, Keondra. In addition to Keondra, Kandy had two other sisters: Kenji and Karema.[1] Kandy informed her mother, Keona, that Tiana wanted to fight Kandy, and the family gathered at the apartment complex. Keona tried to contact Tiana's mother to stop the fight but was unable to reach her. Meanwhile, Tiana called Justice and informed him of her intentions to fight Kandy. Justice discouraged Tiana from fighting but was unable to persuade her.

[5]    Tiana drove to Kandy's apartment complex with four other women, including her sister, who went by the nickname "Fat Fat." Tr. Vol. V p. 16.[2] The group

---

[1] Karema's name is also spelled "Karima" and "Karina" in the record.

[2] Citations are to the amended transcript volumes.

parked in the lot in front of a single-door entryway to the apartment complex. Justice tracked Tiana's location and arrived moments later in a separate car. Tiana's mother also arrived in a separate car and joined Tiana's group.

[6] Justice remained on the sidewalk by the parking lot as Tiana's group approached the entryway, where Kandy, Keona, and Kandy's three sisters stood close together. Kandy sprayed pepper spray as Tiana's group walked up the steps to the entryway. Fat Fat then withdrew a metal pipe from her leggings and brandished it at Kandy's group. Keondra held a gun in her right hand, as did Justice, who remained some distance away on the sidewalk. Keona called the office manager of the apartment complex, but he was not present at the time. Karema swung a trash can lid at Fat Fat, and Tiana's group retreated back toward Justice and Tianna's vehicle.

[7] Kandy's group went back inside the apartment complex and stood behind the threshold of the entryway while Keona contacted 911. Meanwhile, at the parking lot, Justice encouraged Tiana to go home, but she did not listen to him. Several times over the next few minutes, Tiana's group reengaged with Kandy's group at the entryway, retreated back toward Tianna's vehicle, and then reengaged again. Justice, again, remained off to the side.

[8] Keona eventually left the entryway to flag down law enforcement officers, and the rest of Kandy's group returned to the outside of the entryway. Law enforcement officers arrived shortly thereafter; however, neither the lights nor

the sirens of their vehicles were activated, and the officers parked some distance away from the fracas.

[9] As the officers walked toward the entryway, Keona returned to Kandy's group. Keondra still held her gun, and Kenji threw a pair of scissors at Tiana. Tiana ran into Keona as she "charge[d] towards" Kenji, and Keondra shot Tiana in the breast.[3] *Id.* at 140. Standing in the parking lot, the officers drew their weapons and attempted to take control. Justice also withdrew his gun from his sweatshirt, and, upon seeing that Tiana had been shot, he fired several shots toward the entryway. One of the bullets struck Keona. Keondra and Justice fired their guns within seconds of one another.

[10] According to Justice, he was not sure who shot Tiana, but felt there was an "imminent threat" to his, Tiana's, and his unborn child's safety, so he fired to "stop the threat at the door." *Id.* at 216. Justice claimed that he was playing loud music from his car and unaware that law enforcement officers were on the scene.

[11] The officers commanded Justice to stop and drop the gun. Justice, however, fled and entered his vehicle. One officer believed Justice was pointing his gun in the officers' direction through the windshield, so the officers fired at the vehicle, and one of the bullets struck Justice. Justice eventually crawled out of

---

[3] Keondra later pleaded guilty to battery resulting in moderate bodily injury, a Level 6 felony, for shooting Tiana.

the vehicle and was arrested. Keona survived the shooting; however, she was paralyzed and suffered extensive internal damage.

[12] On September 23, 2020, the State charged Justice with three counts: Count I, aggravated battery, a Level 3 felony; Count II, resisting law enforcement, a Class A misdemeanor; and Count III, resisting law enforcement, a Class A misdemeanor. A jury trial commenced on January 9, 2023; however, the jury was unable to reach a verdict, and the trial court declared a mistrial. Justice waived his right to a jury at the second trial, so the trial court held a bench trial on September 21, 2023. Justice testified in his own defense and claimed that he acted in self-defense and in defense of Tiana. The trial court took the matter under advisement.

[13] The trial court issued its ruling in a hearing held on September 27, 2023. The trial court stated that Justice had "multiple" chances to "back out of the situation" and concluded: "[T]he State has met its burden of proof, and I do not find that the Defendant met the burden to -- for self-defense." Tr. Vol. VI pp. 14-15. Accordingly, the trial court found Justice guilty of Count I: aggravated battery, a Level 3 felony. The trial court also found Justice guilty of Counts II and III: resisting law enforcement, Class A misdemeanors, and entered judgments of conviction on all counts.

[14] The trial court sentenced Justice to seven years, all suspended to probation, on Count I, the aggravated battery conviction. The trial court sentenced Justice to one year, suspended to probation, on Count II: resisting law enforcement, to

run concurrently with Count I. Lastly, the trial court stated its intention to "merge and vacate" Count III based on double jeopardy principles because Count II and III were based upon "the same act." *Id*. at 50. The sentencing order and abstract of judgment state that Count III was "merge[d]" but include no language indicating that Count III was vacated. Justice now appeals.

## Discussion and Decision

### I. Self-Defense—Burden of Proof

[15] Justice first challenges his conviction for Count I, aggravated battery, against which Justice asserted claims of self-defense and defense of a third party. Justice argues that the trial court erred by placing the burden of proof for these defenses on Justice rather than the State. We agree with Justice that the trial court misapplied the burden of proof.

[16] "Self-defense is a legal justification for an otherwise criminal act." *Stewart v. State*, 167 N.E.3d 367, 376 (Ind. Ct. App. 2021) (citing *Gammons v. State*, 148 N.E.3d 301, 304 (Ind. 2020)), *trans. denied*. "The self-defense statute provides that an individual has the right to use 'reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force.'" *Id*. (quoting Ind. Code § 35-41-3-2(c)). Additionally, a person is justified in using deadly force and does not have a duty to retreat, if the person reasonably believes such force is necessary to prevent serious bodily injury to himself or to a third person. *Id*. (citing I.C. §§ 35-41-3-2(c)(1), -(2)). To prevail on a claim of self-defense involving the use

of deadly force, the defendant must show that: (1) he was in a place where he had a right to be; (2) he did not provoke, instigate, or participate willingly in the violence; and (3) he had a reasonable fear of death or great bodily harm. *Id.* (citing *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002)).

[17] When the defendant raises a self-defense claim which finds support in the evidence, "the State carries the burden of negating at least one of the necessary elements." *Id.* (citing *Hughes v. State*, 153 N.E.3d 354, 361 (Ind. Ct. App. 2020), *trans. denied*). "The State may meet its burden by rebutting the defense directly—by affirmatively showing the defendant did not act in self-defense—or by simply relying on the sufficiency of its evidence in chief." *Id.* (citing *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999)). If a defendant is convicted despite his claim of self-defense, an appellate court will reverse only if no reasonable person could say that self-defense was "negated by the State beyond a reasonable doubt." *Id.* (citing *Wilson*, 770 N.E.2d at 800).

[18] "[T]he elements of defense of a third party are the same as those of self-defense." *Rondeau v. State*, 48 N.E.3d 907, 919 (Ind. Ct. App. 2016) (citing I.C. § 35-41-3-2(c); *Whipple v. State,* 523 N.E.2d 1363, 1367 (Ind. 1988)), *trans. denied*. Like a claim of self-defense, when a claim of defense of a third party is raised and finds support in the evidence, "the State has the burden of negating at least one of the necessary elements beyond a reasonable doubt." *Simpson v. State*, 915 N.E.2d 511, 514 (Ind. Ct. App. 2009) (citing *Ballard v. State,* 808 N.E.2d 729, 732 (Ind. Ct. App. 2004), *aff'd in relevant part,* 812 N.E.2d 789 (Ind. 2004)), *trans. denied*.

[19] Here, we conclude that the trial court misapplied the burden of proof on Justice's self-defense and defense of a third party claims. It is generally "presumed that the trial court applied the correct burden of proof." *Moran v. State*, 622 N.E.2d 157, 159 (Ind. 1993). This presumption, however, will be overcome when "remarks of the judge . . . disclose use of an erroneous standard with clarity and certainty sufficient to overcome the presumption." *Id.* at 159-60; *see also Hecht v. Hecht*, 142 N.E.3d 1022, 1031 (Ind. Ct. App. 2020) (stating that we may overlook the presumption that the trial court applied the correct legal standard "'if the trial court's findings lead us to conclude that an unjustifiable risk exists that the trial court did not follow the applicable law'" (quoting *Ramsey v. Ramsey*, 863 N.E.2d 1232, 1239 (Ind. Ct. App. 2007))).

[20] Here, in finding Justice guilty of aggravated battery, the trial court stated: "[T]he State had met its burden of proof, and **I do not find that the Defendant met the burden to -- for self-defense.**" Tr. Vol. VI p. 15 (emphasis added). We are persuaded by this statement that the trial court unequivocally placed on Justice the burden of proving self-defense and defense of a third party; the burden properly belonged to the State to disprove these defenses. The trial court's subsequent statements do not suggest that the trial court's remark was simply a misstatement or that the trial court otherwise corrected this mistake.

[21] The State argues that "the trial court's statement that Justice had not met the burden for self-defense referred to Justice's burden to persuade the court that he had created reasonable doubt." Appellee's Br. p. 11. The State quotes our Supreme Court's decision in *Roach v. State*, 695 N.E.2d 934, 941 (Ind. 1998), for

the proposition that, "'[o]nce a defendant creates a reasonable doubt as to his guilt by raising a self-defense claim[,]' the burden shifts back to the State to disprove his claim beyond a reasonable doubt."[4] Appellee's Br. p. 11.

[22] We are not persuaded by the State's argument. While a defendant's claim of self-defense may supply a reasonable doubt that precludes conviction, it is not the defendant's burden to prove self-defense. Rather, the burden remains on the State to disprove this claim. *E.g.*, *Wilson*, 770 N.E.2d at 801. Although the quote cited by the State suggests that the defendant bears the burden of creating a reasonable doubt, language from more recent decisions of our Supreme Court has avoided this suggestion. *See, e.g.*, *id.* at 800 ("When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements."); *Brown v. State*, 738 N.E.2d 271, 273 (Ind. 2000) ("[O]nce a defendant claims self-defense, the State bears the burden of disproving at least one of the elements beyond a reasonable doubt.").

[23] The trial court here indicated that the burden for the self-defense claims fell on Justice, which is incorrect. Accordingly, the trial court misapplied the burden of proof, and we must remand for a new trial on the aggravated battery conviction. *Cf. Miller v. State*, 77 N.E.3d 1196, 1197 (Ind. 2017) (remanding for

---

[4] This quote traces back to *Clark v. State*, 64 N.E. 589 (Ind. 1902). Citing an even older case, *Trogdon v. State*, 32 N.E. 725, 728 (Ind. 1892), the Court in *Clark* made clear that, when a defendant raises a claim of self-defense, the burden does not "shift[]," and the defendant is not required to satisfy the fact-finder "by some degree of proof" that the underlying offense was "justifiable." *Id.* at 591. Rather, the State is "the only party upon whom it [is] incumbent to prove any material fact beyond a reasonable doubt." *Id.* at 592.

new trial when trial court applied the wrong legal standard for defendant's affirmative defense in bench trial).

## II. Vacatur of Conviction for Count III

[24] Justice next requests that we remand with instructions that the trial court amend the sentencing order and abstract of judgment to indicate that his conviction for Count III, resisting law enforcement, was vacated, and the State agrees. We agree and remand.

[25] The trial court ordered Count III vacated based on double jeopardy principles; however, the sentencing order and abstract of judgment only indicate that Count III merged with Count II. Neither order mentions that Count III was vacated. As this Court has observed, "[a] trial court's act of merging, without also vacating the conviction, is not sufficient to cure a double jeopardy violation." *Stickrod v. State*, 108 N.E.3d 385, 392 (Ind. Ct. App. 2018) (citing *West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014), *trans. denied*), *trans. denied*. We, accordingly, remand with instructions that the sentencing order and abstract of judgment indicate that the conviction for Count III was vacated.

## Conclusion

[26] The trial court misapplied the burden of proof for Justice's claims of self-defense and defense of a third party. Accordingly, we reverse Justice's conviction for aggravated battery and remand for a new trial. Additionally, we remand with instructions that the sentencing order and abstract of judgment be corrected to

indicate that Justice's conviction for Count III, resisting law enforcement, was vacated.

[27] Affirmed in part, reversed in part, and remanded.

Crone, J., and Bradford, J., concur.

ATTORNEYS FOR APPELLANT

Talisha R. Griffin
Sarah Medlin
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Caroline G. Templeton
Supervising Deputy Attorney General

Amanda Layne Martin-Nelson
Certified Legal Intern
Indianapolis, Indiana