Elliott, J.
The only point in this case, which merits-consideration, is that made upon -the ruling of the court excluding evidence offered by the appellant.
Baker, the appellant, and Gausin, the appellee, got into-an altercation, in the course of which the former shot and wounded the latter. Different and conflicting accounts were given by the parties and witnesses. There was much evidence tending to prove that the appellee was the aggressor ; that he brought about the quarrel, and had violently struck the appellant and had threatened to give him a severe beating. Jackson H. Glover testified that he was present when the altercation took place, and gave an account of what he saw and heard. After having testified to an assault by appellee upon the appellant, the witness said s *318 “They were parted, and Gausin went behind the counter; Baker said to Gausin, ‘I have taken one blow off you, and I won’t take any more ;’ Gausin said, ‘Yes, you will take a good beating if I strike you again ;’ Baker said, ‘I tell you I won’t take it; I have been imposed on enough by you, and I’ll not take any more;’ Gausin said, ‘Yes, you will,’ and started toward the open end of the counter; Baker was then standing about the middle of the room ; myself and Edmunson were standing leaning against the counter, near the money drawer, and looking toward Gausin, who was on the inside of the counter.”' At this point the appellant offered to prove what was then said by Gausin. The offer and the ruling of the court are shown by the following extract from the bill.of exceptions: “Here the defendant offered to prove by this witness that .the instant Gausin started to go from the money drawer toward the open end of the counter, he said to Edmunson, loud enough for Baker to have heard the words, and also to prove that defendant did hear said words, as follows : ‘Now, here is hell to pay.’ To the admissibility of which testimony the plaintiff objected, and the court sustained the objection of plaintiff, to which ruling of the court the defendant, at the time, excepted.”
The language used by appellee was undoubtedly a part of the res gestos. What the participants said during the altercation was as much part of the transaction as were the blows and the other acts of personal violence. What is said by one who is assailed by another, as well as what is said by the assailant, are material parts of one and the same occurrences. If the words which the combatants, in a personal rencounter, used were not permitted to be given in evidence, the acts themselves would often be misapprehended, and, sometimes, almost unintelligible. Clearly enough, Gausin’s declarations were admissible as a part of the res gestee. In offering to prove what Gausin said, the appellant was offering the declaration of his adversary, and this certainly *319 was competent, even if it had not been a part of the res gestee, under one of the plainest and most familiar of the rules of evidence.
The appellee’s counsel argue that, although the excluded evidence might have been proper in a criminal prosecution against appellant, it was not competent in a civil action. Counsel say : “It seems to us that a mere belief that a party is about to be attacked would not excuse him from the consequences of his acts in a civil action, and that the distinction is, that, in a criminal prosecution, if a party has reason to believe, and does believe, that he is about to suffer great bodily injury, he is justified in resorting to violence in his supposed self-defence, although he may not actually have been in danger, but that, in a civil action, he must have actually been in danger, and justified in using violence ; that mere belief is not sufficient, and, indeed, neither adds nor takes away anything from his defence.”
This reasoning is unsound. A man who acts upon appearances of actual and immediate danger, and sincerely believes that he is in danger of suffering great bodily harm, can not be held liable in damages for injuries resulting from acts done by him in the proper and reasonable defence of his person. If a man may take another’s life in self-defence, in cases where there are appearances creating a reasonable apprehension of actual and immediate danger, and not be held amenable to criminal punishment, he surely can not be made to respond in damages to the aggressor whom he wounds but does not kill. The principle which exculpates in criminal cases, and relieves from liability in civil, is, that the man who makes a just and reasonable defence of his person is not a wrong-doer : for in making such defence he does no more than every citizen of the land may lawfully and rightfully* do. It is not an actionable wrong to defend one’s self against an unlawful assault, and he who does only that, even though he kill or grievously wound his assailant, *320 can not be made to yield a compensation in damages to the person or persons injured. Cl
The only question which even justifies debate or suggests doubt is whether the excluded evidence was material. If it •was wholly immaterial, then its exclusion was a harmless error, and harmless errors will not warrant a reversal. We can not say that it was immaterial. The appellant may have understood from the declaration, that it was a threat to renew the assault made upon him a few minutes before. The jury, had the declaration gone to them, might well have inferred that it was a declaration of appellee’s intention to renew hostilities. However this may be, the trial court had no right to say that a declaration made at the time the altercation was in progress, made a minute or two after the first blow was struck, and an instant or so before the pistol was discharged, was so clearly immaterial as to justify its absolute exclusion from the jury. All of the words and acts of the parties ought to have gone to the jury. It is not for the court to detach words or sentences ; all should go to the jury, leaving it for them to assign to acts and words their proper effect and meaning.
Judgment reversed, with costs, and with instructions to sustain appellant’s motion for a new trial.