Dorak v. State—183 Ind. 622.

---

## DORAK v. STATE OF INDIANA.

[No. 22,788. Filed October 15, 1915.]

1. HOMICIDE.—*Trial.—Instructions.—Self-Defense.*—An instruction in a prosecution for murder stating that while it is necessary for the State to establish the killing of the decedent by the accused beyond a reasonable doubt, etc., yet where the defendant attempts to justify the killing as having been done in self-defense, the burden is on the defendant to show that he was justified in the act, etc., was erroneous, since its tendency was to lead the jurors to believe that as applied to the affirmative defense the burden shifted, and that, while the State must satisfy them of the fact of homicide by evidence and beyond a reasonable doubt, the defendant was in turn required to satisfy them by some degree of proof that it was justifiable. p. 623.

2. CRIMINAL LAW.—*Trial.—Burden of Proof.—Presumptions.*—An accused in a criminal cause is presumed to be innocent until the contrary is proved, and the burden of proof remains upon the State throughout the trial. pp. 624, 625.

3. CRIMINAL LAW.— *Trial.—Contradictory Instructions.*— Contradictory instructions are misleading, and an erroneous instruction can not be cured by other instructions which correctly state the law.  p. 624.

From Criminal Court of Marion County (43,110) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Thomas Dorak. From a judgment of conviction, the defendant appeals. *Reversed.*

*Noble H. Wible,* for appellant.

*Richard M. Milburn,* Attorney-General, *Alvah J. Rucker, Richard M. Fairbanks, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

SPENCER, C. J.—Appellant was charged by indictment duly returned by a grand jury in the Marion Criminal Court with the murder of George Wise on July 26, 1914. He was tried by a jury under plea of self-defense, found guilty of murder in the first degree, and his death decreed as the penalty. Error is here predicated on the overruling of his motion for a new trial and under this assignment the only question necessary to be determined is whether prejudicial and harmful error was committed by the trial court in giving to the jury of its own motion instruction No. 17. Said instruction reads as follows: ''While it is necessary for the State to establish the killing of the deceased by the accused beyond a reasonable doubt, and to show the facts of the death of the deceased, and to show that the person alleged to have been killed is actually dead; yet where the defendant attempts to justify the killing as having been done in self-defense, the burden is on the defendant to show he was justified in the act, and in the use of a deadly weapon, or to offer evidence sufficient to raise in your minds a reasonable doubt as to his justification in such acts.''

Appellant insists that this instruction places an "undue burden" on him in that it requires a defendant to show that he was justified in the act, or to "offer evidence" to raise a reasonable doubt as to his justification. The language of this court in referring to a somewhat similar instruction and in holding it to be erroneous is applicable here: "The inevitable tendency of the instruction given would be to lead the jury to understand that, as applied to the affirmative defense, the burden shifted, and that while the State must satisfy them of the fact of the homicide by evidence, and beyond a reasonable doubt, the defendant was in turn required to satisfy them by some degree of proof that it was justifiable." *Trogdon* v. *State* (1892), 133 Ind. 1, 10, 32 N. E. 725. In *Parker* v. *State* (1894), 136 Ind. 284, 292, 35 N. E. 1105, it is said: "In criminal cases, the entire burden is upon the State from the beginning, and the accused is not bound to explain anything, and his failure to do so can not be considered as a circumstance tending to prove his guilt." In *Walters* v. *State* (1915), *ante* 178, 108 N. E. 583, this language is used: "It is sufficient to entitle the defendant to acquittal if the evidence in the case is such as to create or leave a reasonable doubt as to his guilt regardless of whether it is produced by the defendant or by the State." Where one is charged with crime, the law of this State favors him with a presumption of his innocence (§2137 Burns 1914, Acts 1905 p. 584, §261), providing that "A defendant is presumed to be innocent until the contrary is proved. When there is a reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted."

As to the instruction in question, the Attorney-General in his brief says: "We cannot see how the jury could possibly be misled by instruction No. 17 when there are so many instructions covering the same point which fairly and *correctly* state the law." This is conceding that instruction No. 17 is incorrect and this court has

so frequently held that contradictory instructions are mis-
leading and that an erroneous instruction cannot be cured
by other instructions which correctly state the law, that
authorities would seem superfluous. *Fritz* v. *State* (1912),
178 Ind. 463, 99 N. E. 727; *Weston* v. *State* (1906), 167
Ind. 324, 329, 78 N. E. 1014; *Heyl* v. *State* (1887). 109 Ind.
589, 592, 10 N. E. 916; *Clark* v. *State* (1902), 159 Ind. 60,
64 N. E. 589. If the burden is on the State to prove
the defendant's guilt beyond a reasonable doubt, the
defendant can not under any other rule be required
to establish his innocence or a reasonable doubt as to his
guilt. Such a proposition is contradictory. The burden is
where it is cast by the law, on the State, and no rule can
shift such burden to the defendant. We hold instruction
No. 17 to be erroneous and for the giving of it this case
must be reversed. The consideration of other questions pre-
sented is unnecessary.

Judgment reversed, with instructions to the clerk to issue
the usual order to the warden of the prison at Michigan City
to return appellant to the custody of the sheriff of Marion
County, and for further proceedings consistent herewith.

Note.—Reported in 109 N. E. 771. Homicide in self-defense, 26
Am. Dec. 279. See, also, under (1) 21 Cyc. 883, 1059; (2) 12 Cyc.
384; (3) 12 Cyc. 649, 656.