TULLIS *v.* STATE OF INDIANA.

[No. 28,126. Filed February 23, 1946.]

*Benjamin F. Zieg,* and *W. D. Hardy,* both of Evansville, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

GILKISON, J. — In the court below appellant was charged by affidavit with the crime of rape. The necessary preliminary steps were taken to admit evidence of alibi, and such evidence was given on behalf of appellant. On the subject of albi a single instruction was given by the court of its own motion, over appellant's objection, as follows:

"INSTRUCTION No. 11

"The court instructs the jury that the burden of proving an alibi rests upon the defendant, who is required to establish the alibi to your satisfaction, that is to say, that if you find from all the evidence in this cause that the defendant was at the place of the crime and committed it as charged, then the defendant has failed to establish his alibi."

The objection to this instruction, made by the appellant at the time is, as follows:

"The defendant objects to the court's instruction number 11 for the reason that said instruction places the burden of proving an alibi upon the defendant, while in a criminal prosecution the burden of establishing any fact does not rest upon the defendant, but it is sufficient if upon any material fact the evidence establishes a reasonable doubt of the defendant's presence at the place of the crime at the time it was committed, the defendant should not be convicted."

Among the errors assigned is: "1. The court erred in overruling appellant's motion for new trial." Cause No. 4 in the motion for new trial is "Error of law occurring at the trial in this, that the court erred in giving to the jury, on its own motion, instruction 11."

With respect to this instruction, the appellee in its brief says:

"In the opinion of appellee the giving of said instruction was reversible error on the part of the court, especially in view of the fact that this was the only instruction on this subject given by the court, and we respectfully submit to this court in support of our belief the following cases: *Witt* v. *State of Indiana* (1933), 205 Ind. 499, 504, 185 N. E. 645; *Dorak* v. *State of Indiana* (1915), 183 Ind. 622, 109 N. E. 771; *Hill* v. *State of Indiana* (1937), 212 Ind. 692, 11 N. E. (2d) 141."

The cases cited by the State as well as those cited by the appellant establish beyond a doubt that the instruction is erroneous, and that it was prejudicial to appellant.

Other errors are assigned including misconduct of the prosecuting attorney in the trial and in the argument, but since the judgment must be reversed for the confessed error in giving the erroneous instruction, we shall not consider the additional errors assigned. They may not occur in a new trial of the cause.

The judgment is reversed with instructions to the court below to sustain defendant's motion for new trial.

Note.—Reported in 65 N. E. (2d) 57.