HIGHTIRE *v.* STATE OF INDIANA.

[No. 30,774. Filed February 3, 1966.]

*Robert S. McCain,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, and *Wilma T. Leach,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged with and convicted of murder in the second degree. The only issue presented on this appeal is the contention that the evidence is undisputed showing that the appellant acted in self-defense. For that reason, we must briefly review the evidence under the circumstances most favorable to the State.

This shows that on October 18, 1964 appellant resided in Fort Wayne, Indiana. He had previously been divorced from his wife and was making support payments for his children. Clementine Jones, the wife of the decedent, Willie Junior Jones, lived in the same city with her children. She was married, but separated from the decedent. The evidence further shows that the appellant had been staying from time

to time with Clementine Jones, paying the rent on the house where she lived and eating and sleeping there at times. The decedent also visited this home, as the evidence shows, almost every day, his wife laundering his clothing and preparing his lunch. On October 18, 1964 he and his wife had an argument and she called the police, who ordered him out of the home. The next day after Mrs. Jones had been visiting a relative at the hospital, her husband followed her into her house. The appellant was already there, lying in bed upstairs. He went to the door and found Mr. and Mrs. Jones were arguing. Mrs. Jones asked the appellant to make her husband leave. The appellant went to an upstairs bedroom, got a pistol, put it in his pocket and came downstairs to where the decedent was and asked the decedent to leave. The decedent refused to do so and the appellant drew the gun. At that time a companion of the decedent came in and tried to get the decedent to leave. He pushed him to the front door, but decedent threatened him with a knife and the companion desisted and went out to the car in which he had brought the decedent to the residence.

The evidence next is that appellant pushed the decedent out the door and hit him with the pistol and the decedent then got out a knife and the appellant shot him. There is some evidence that there was a scuffle between the parties before the firing of the shot. The daughter says she remembers her father telling Willie Lee Hightire, the appellant, to "Leave me alone, I have had enough of your running over me" and she remembers seeing blood on her father's forehead before the second scuffle and the firing of the shot that killed him.

We cannot say that the evidence is without conflict and undisputed on the issue of self-defense. A defendant depending upon self-defense when charged with homicide must be:

1. without fault on his part;
2. in a place where he has a right to be; and

3. in real danger of death or great bodily harm, or in such apparent danger as causes the defendant in good faith to fear death or great bodily harm. *Bullard* v. *State* (1964), 245 Ind. 190, 195 N. E. 2d 856.

In this case the appellant, not married to the wife of the decedent, had spent the previous night with her, was in that home at the time the husband came there, and attempted to eject him from that home. The evidence is such that the trial court might conclude that the appellant was living in adultery with decedent's wife and he therefore was not in a place he had a right to be under the law, regardless of the fact that he might have been partially supporting her, paying her rent at that place and eating there from time to time. The evidence is not clear cut that the appellant was compelled to shoot in self-defense, since on prior occasions it was shown that when the police were called to oust the decedent from the premises, they responded and did so.

The evidence further shows that the appellant, prior to the encounter, went to a bedroom and got a gun, preparing himself apparently to go to the extreme, if necessary, of using the gun to oust the decedent. In our opinion, the evidence of self-defense is not so definite and un-contradicted that we are warranted in disturbing the finding of the trial court. *Myers* v. *State* (1922), 192 Ind. 592, 137 N. E. 547; *Flick* v. *State* (1935), 207 Ind. 473, 193 N. E. 603.

The judgment of the trial court is affirmed.

Myers, C. J., Rakestraw and Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 213 N. E. 2d 707.