MICHAEL L. MARINE, DAVID ENDRESS *v.* STATE OF INDIANA.

[No. 1-373A49. Filed October 9, 1973. Rehearing denied November 14, 1973. Transfer denied April 19, 1974.]

*Harry L. Zerbe*, of Lawrenceburg, *Eugene A. Stewart*, of Brookville, for appellants.

*Theodore L. Sendak*, Attorney General, *A. Frank Gleaves, III*, Deputy Attorney General, for appellee.

LOWDERMILK, J.—This appeal comes to us without a copy of the affidavit in appellants' brief or in the transcript.

Defendants-appellants Michael L. Marine (Marine) and David Endress (Endress) were charged by affidavit with the offense of assault and battery with intent to kill one Bernard Fogle with a machete or corn knife and a shotgun.

The facts most favorable to the State are that Bernard Fogle and a companion were riding in the companion's car in Lawrenceburg and saw Marine walking down the street. Fogle yelled at Marine, who came to the car and reached inside and put his hands on top of Fogle's head and jabbed his thumbs in Fogle's eyes, while telling him to get out of the car. Fogle did so and Marine drew back his fists, but Fogle

beat him to the punch, hit him in the mouth, knocked him flat on his back and then got back in the car and rode away with his companion.

Marine returned to his home where he doctored his injured lip and then, with three friends, drank beer at his home and awaited the arrival of Endress who would get off work at 2:00 o'clock A.M.

While drinking beer Marine indicated his anger toward Fogle and stated he would "get him" and that he would "cut" Fogle and he had a machete in his hands at home at that time.

Endress arrived at Marine's home and upon learning of the events said he had a shotgun in his car.

At about 3:30 A.M. Marine and Endress drove, in Endress' car, to the home of George Tschaenn, who lived next door to Fogle, with Marine taking the machete with him. The shotgun was in the rear of Endress' car.

Marine and Endress requested Tschaenn to go next door to Fogle's home and see if he was home. He was not home and they waited in the front yard at Tschaenn's home. During this interval Marine told Tschaenn he was "going to get" Fogle.

Shortly thereafter Fogle was brought home by a Mr. Henry in Henry's car and he got out and walked over to the defendants. He did not make any gestures toward the defendants-appellants, yet Marine pulled out the machete and Endress got the shotgun out of the car. Marine swung the machete at Fogle, missed and Fogle backed up. Marine continued in pursuit and Fogle threw his arm up for protection and was struck in the arm with the machete, severing tendons and muscles and causing severe loss of blood. This was followed immediately by Endress hitting Fogle in the head with the butt of his shotgun.

Fogle immediately retreated, ran to the police station for help, and was hospitalized.

Defendants-appellants were arrested, advised of their constitutional rights, questioned and after the questioning Endress shouted at the police, "I should have shot him."

Defendants-appellants rely on the theory of self defense and assert it was proven that the evidence was insufficient to support the jury's verdict.

There is evidence in the record that Fogle was a fighter and had had several fights.

Trial was had to a jury, which found Marine and Endress guilty as charged and they were duly sentenced pursuant to statute. Defendants-appellants then timely filed their motion to correct errors.

The first and last specifications of error are that the verdict is not sustained by sufficient evidence. We shall treat these together under Rule AP. 8.3(A) (7).

Defendants-appellants rely on many cases, including *King* v. *State* (1968), 249 Ind. 699, 234 N.E.2d 465, which case sets out the necessary elements of self defense as follows:

"Where one has taken the life of another human being, and thereafter contends that he did so in self-defense, he can only be successful in his contention if:

(1) he acted without fault,

(2) he was in a place where he had a right to be, and

(3) he was in real danger of death or great bodily harm, or in such apparent danger as caused him in good faith to fear death or great bodily harm.

*Bullard* v. *State* (1964), 245 Ind. 90, 195 N.E.2d 856; *Hightire* v. *State* (1966), 247 Ind. 164, 213 N.E.2d 707. The burden is upon the State to show that defendant does not meet one or more of these requirements. *Dorak* v. *State* (1915), 183 Ind. 622, 109 N.E. 771. Whether the State has borne its burden of showing that the homicidal act was not carried out in self-defense is a question of ultimate fact to be decided by the jury. *Robinson* v. *State* (1962), 243 Ind. 192, 184 N.E.2d 16.

After the jury has made this determination in favor of the State and against the defendant, this Court, on appeal: '. . . has upon it a duty to consider, not to weigh, the evidence in the case for the purpose of determining whether there is any substantial evidence of probative value from which a jury reasonably could have inferred that the appellant was guilty of the offense charged' *Robinson* v. *State, supra,* 243 Ind. at 197. See also *Easton* v. *State* (1967), 248 Ind. 338, 228 N.E.2d 6; *Baker* v. *State* (1956), 236 Ind. 55, 138 N.E.2d 641."

See, also, *Hughes* v. *State* (1937), 212 Ind. 577, 10 N.E.2d 629.

In their brief appellants state:

". . . Counsel will admit that the men went to the Tschaenn house at least partially for vengeful reasons, but as prosecution witness Tschaenn testified, they were leaving when Fogle arrived looking for trouble and found it."

The record does not disclose that Fogle was looking for trouble; he was unarmed and arriving at home after a shift of work.

It is true that the jury must look at the situation from the defendant's viewpoint (*Lee* v. *State* (1973), 156 Ind. App. 569, 297 N.E.2d 890) yet the jury need not believe the defendant's testimony of what his viewpoint was. In *Lytel* v. *State* (1968), 251 Ind. 413, 241 N.E.2d 366, the court said:

". . . However, the jury had a right not to believe her story from other circumstantial evidence in the case, and this Court does not determine the credibility of the witnesses. . . ."

See, also, *Lee* v. *State, supra; Cammack* v. *State* (1970), 254 Ind. 637, 261 N.E.2d 862.

In the light of this rule, having considered and having not weighed the evidence in the case before us, we are of the opinion there was substantial evidence of probative value from which the jury reasonably could have inferred that the de-

fendants-appellants were not acting in self defense and were guilty of the offense charged.

We have found that there was substantial evidence of probative value to support the verdict and it necessarily follows that the court did not commit any error in the overruling of the motion for a directed verdict at the close of the State's evidence or at the close of all the evidence.

Defendants-appellants' next specification of error is that the court committed prejudicial error in permitting the witness, George Tschaenn, to testify after two witnesses had been heard, as the State had failed to provide the defense with Tschaenn's name as a State's witness as a result of an order on a discovery motion requesting the witnesses to be named.

The record discloses that counsel for defendants-appellants knew George Tschaenn and was friendly to him and knew he was a witness to the alleged crime and wondered why he had not been listed as a witness for the State.

When Mr. Tschaenn was called to the stand defendants-appellants timely objected for the reason his name had not been submitted on the list of witnesses and the State suggested at that time that the court grant a continuance. The court offered to grant a continuance, granting all the time necessary for defendants-appellants to interview the witness and make any other preparation necessary for their defense, but defendants-appellants refused this proposal by the court and objected to Mr. Tschaenn's testifying for the sole reason that his name was not on the list of witnesses and elected to proceed with the trial without the benefit of a continuance.

The facts of this case are very similar to *Johns* v. *State* (1968), 251 Ind. 172, 240 N.E.2d 60, relied upon in *Luckett* v. *State* (1972), 259 Ind. 174, 284 N.E.2d 738, 745, wherein Justice Hunter stated:

". . . However, this court made it abundantly clear in *Johns* v. *State, supra,* that the proper course of action for a defendant in such cases is to move for a continuance. Also, see *Pinkerton* v. *State* (1972), [258] Ind. [610], 283 N.E. 2d 376. Here, not only did the appellant fail to seek a continuance, he expressly refused one. . . . It appears that the one day continuance offered by the trial court would have been sufficient to assure fundamental fairness to the appellant under the facts of this case. As we stated in *Pinkerton* v. *State, supra:*

'As we have said many times, although the defendant is entitled to a fair trial, [he] is not entitled to a perfect one. We fail to see where the trial court failed to compensate properly for the failure of the State, and we think that the defendant merely seeks to take unrealistic advantage of error that has caused [him] no harm.' . . ."

See, also, *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666, 670.

It appears to us the defendants-appellants' refusal to take advantage of the offered continuance is parallel to the cases cited and quoted in the *Luckett* case and that defendants-appellants were seeking to take unrealistic advantage of error that caused them no harm. Defendants-appellants cannot now be heard to complain, as there was no prejudicial error.

Defendants-appellants' next assigned error is that the State called a witness who had been in the courtroom listening to the testimony of a defense witness in violation of a motion for separation of witnesses which had been sustained by the court. Counsel cites no authority, as required by Rule AP. 8.3(A)(7). We shall, however, waive this oversight and write on the same. This objection is taken care of by the case of *McCoy* v. *State* (1960), 241 Ind. 104, 170 N.E.2d 43, wherein complaint was made that an 11 year old boy was permitted to testify in violation of a separation order. The court said:

". . . In the absence of any procurement or connivancy by the party using such a witness who has violated the order

of the court, it is well established that it is within the discretion of the court to permit such a witness to testify. [Cases cited omitted.]

It has even been held to be prejudicial error to refuse to permit such a witness to testify where the party calling such a witness is not at fault for such violation. [Cases cited omitted.]"

It being discretionary with the court and this court having determined there was no abuse of discretion, no error was committed.

Defendants-appellants' next claimed error is to the court's giving of Instructions F7, F15, F16 and F17. Counsel says said instructions are set out verbatim in the summary of the argument and the argument against their inclusion is sufficient in that section of the brief. He assigned further reasons that said instructions were bad.

Unfortunately, the transcript of the record did not include any of the instructions in the cause; neither did it include any written objections to said instructions hereinabove enumerated, and therefore the instructions are not before this court and cannot be passed upon by this court in this appeal. Further, the instructions were not set out specifically in the brief and followed by the argument applicable thereto, in violation of Rule AP. 8.3 (A) (7).

The next specification of error set out in the motion to correct errors was that the court erred in refusing to permit a defense witness, Cornett, to testify that he observed the witness Fogle beating an elderly man some four years before the incident at issue.

The witness was offered to show the vicious and aggressive nature of the prosecuting witness, Fogle. It is axiomatic that the admission of a prosecuting witness' vicious propensities four years before he is involved in an altercation resulting in a criminal prosecution is discretionary with the trial court because of the lapse of

time. In *Kelley* v. *State* (1948), 226 Ind. 148, 78 N.E.2d 547, the court said:

"... To show error that will cause a reversal of a cause it is necessary to show to this court that the trial court abused its discretion in the reception of evidence. ..."

The same rule would apply to the exclusion of evidence. Further, this testimony offered and rejected was only cumulative of other evidence of the prosecuting witness' vicious propensities and the court's refusal to admit the same is not error.

Finding no reversible error, it necessarily follows that the judgment of the trial court is not contrary to law.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 301 N.E.2d 778.

### ON PETITION FOR REHEARING

LOWDERMILK, J.—Appellants, in their petition for rehearing, attach a copy of the affidavit on which they were tried, which was duly authenticated by the Clerk and the Judge.

Under Rule AP. 15 (C), Certiorari, the affidavit should have been made a part of the record by having been brought into the transcript by certiorari.

Although the affidavit should have been made a part of the transcript, we shall not be technical on this point for the reason that this is a criminal case and it is our desire in this, as well as in all cases, that the correct result be reached.

Appellants state that the original opinion herein contravenes a decision of this court, decided August 4, 1973, namely, *Allison* v. *State* (1973), 157 Ind. App. 277, 299 N.E.2d 618, in which the court held that aggravated assault was not necessarily an included offense in the charge of assault and battery with intent to kill; that only assault and battery should be included.

We agree with Judge Sullivan's opinion in *Allison, supra,* but will call appellants' attention to the fact that the case of *Thomas* v. *State* (1970), 254 Ind. 600, 261 N.E.2d 588, discussed the matter of aggravated assault and battery being an included offense in assault or assault and battery with intent to kill. In *Thomas,* the court said:

> ". . . This Court has previously stated that aggravated assault is an included offense in assault and battery with intent to kill. . . ."

The pertinent parts of the affidavit in that case charged the defendant as follows:

> ". . . did then and there unlawfully and feloniously and in a rude, insolent and angry manner, shoot and wound, with a certain 38 caliber revolver then and there loaded with gunpowder and a slug, DOROTHY THOMAS in the back, with felonious intent then and thereby to kill and murder the said DOROTHY THOMAS, a human being."

In discussing the affidavit as it applied to the two separate statutes, Justice Given said:

> "It is inconceivable that a person could commit an assault and battery with intent to kill another person as charged in this case without also intentionally and knowingly inflicting great bodily harm or disfiguring the assaulted person. We hold that if the facts are present to warrant a conviction on assault and battery with intent to kill in this case they would certainly be present to warrant a conviction on aggravated assault.
>
> We, therefore, hold that aggravated assault and battery is an included lesser offense of the crime of assault and battery with intent to kill as charged in this case. It would not, of course, be an included offense if the charging affidavit merely alleged an assault with intent to kill without alleging bodily injury."

The *Allison* case *supra,* had this to say concerning the affidavit:

> "However, it is *possible* for aggravated assault and battery to be a lesser included offense *if* the element of 'great bodily harm' *or* 'disfigurement' is properly alleged in the charging affidavit. . . ."

The pertinent part of the affidavit in the case at bar is that the defendants:

". . . did then and there unlawfully and feloniously, and with intent to kill another human being, to wit: one Bernard Fogle, did then and there and thereby perpetrate an assault and battery upon the said Bernard Fogle *by attacking him with a machette or corn knife and a shotgun then and there severly injurying* [sic] *the said Bernard Fogle,* . . ." (Emphasis supplied.)

Comparing the affidavit in the case at bar with that in *Thomas* v. *State, supra,* we necessarily hold that said affidavit sufficiently alleges great bodily harm and would, therefore, include aggravated assault and battery and no error was committed by finding the defendants guilty of the offense of aggravated assault and battery.

Specifications 2 and 3 of the petition for rehearing have, we think, been sufficiently covered and properly ruled on in the original opinion and therefore require nothing further.

Petition for rehearing denied.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 303 N.E.2d 287.