JOHN OLLIE NAUGHER, ALIAS JOHN FOLKS *v.*
STATE OF INDIANA.

[No. 2-874A202. Filed December 26, 1974. Rehearing denied Januuary 22, 1975. Transfer denied March 4, 1975.]

*Larry R. Champion,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant, Naugher, was convicted of voluntary manslaughter. He argues upon appeal that

the verdict was not supported by sufficient evidence in that the State failed to disprove his claim of self-defense.

We affirm.

Viewed most favorably to the State the facts are as follows: On the evening of November 13, 1973, Leslie Woods and Luther Woods were at the Blue Angel Tavern in Indianapolis. A fight took place between Luther and the appellant, Naugher. After the fight, Luther and Leslie went home but returned a short time later. After they arrived, they were informed that Naugher was in the vicinity of the tavern armed with a shot gun. Seeing Naugher at the side door, Luther decided it was time to leave the tavern. He sent another person to tell Leslie that they should go and he ran out of the front door of the tavern to his car. Leslie then ran from the tavern and both men sped away in the car. Naugher carrying the shotgun pursued the car down the street.

After they had gotten away, Luther stopped the car and let Leslie out. Leslie took his knife and returned to the vicinity of the bar.

Leslie and Naugher met in an alley between Delaware and Alabama streets. At sometime during the confrontation, Leslie reached inside his coat whereupon Naugher shot and killed him.

Naugher was charged with second degree murder. After a jury trial a verdict was returned finding him guilty of voluntary manslaughter.

Naugher contends that the State failed to produce sufficient evidence to disprove his claim of self-defense.

The guidelines for our review of this issue were established by our Supreme Court in *King* v. *State* (1968), 249 Ind. 699, 705, 234 N.E.2d 465:

> "Where one has taken the life of another human being, and thereafter contends that he did so in self-defense, he can only be successful in his contention if:

(1) He acted without fault,

(2) He was in a place where he had a right to be, and

(3) He was in real danger of death of great bodily harm, or in such apparent danger as caused him in good faith to fear death or great bodily harm.

*Bullard* v. *State* (1964), 245 Ind. [1]90, 195 N.E.2d 856; *Hightire* v. *State* (1966), 247 Ind. 164, 213 N.E.2d 707. The burden is upon the State to show that defendant does not meet one or more of these requirements. *Dorak* v. *State* (1915), 183 Ind. 622, 109 N.E. 771. Whether the State has borne its burden of showing that the homicidal act was not carried out in self-defense is a question of ultimate fact to be decided by the jury. *Robinson* v. *State* (1962), 243 Ind. 192, 184 N.E.2d 16

After the jury has made this determination in favor of the State and against the defendant, this Court, on appeal: '. . . has upon it a duty to consider, not to weigh, the evidence in the case for the purpose of determining whether there is any substantial evidence of probative value from which a jury reasonably could have inferred that the appellant was guilty of the offense charged' *Robinson* v. *State, supra,* 243 Ind. at 197, 184 N.E.2d at 18. *See also Easton* v. *State* (1967), 248 Ind. 338, 228 N.E.2d 6; *Baker* v. *State* (1956), 236 Ind. 55, 138 N.E.2d 641."

In the present case, Naugher's own statement shows that no weapon was displayed prior to his firing the shot. The gun was fired when the victim "reached his hand inside of his jacket". This evidence allows the reasonable conclusion that the shot was fired before the victim ever displayed any weapon which could cause Naugher to reasonably believe that he was in real danger of death or great bodily harm.

Moreover, Naugher's behavior on that evening was not such that a jury could conclude that he was without fault regarding the killing. He had returned to the scene of his previous fight armed with a shotgun and had chased the victim out of the tavern and down the street with the gun displayed and aimed.

Clearly, sufficient evidence was presented to support the conviction as against the claim of self-defense.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 320 N.E.2d 757.