William DEGENIAS, Jr.,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–1277A304.

Court of Appeals of Indiana,
Third District.

March 22, 1979.

Richard L. Mayer, Merrillville, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Appellant was charged by information of assault and battery with intent to kill. The jury returned a verdict of guilty of aggravated assault.

Appellant alleges as error the giving of an instruction on self defense, which reads:

"In this case the defendant claims that the acts charged against him were committed in self-defense and therefore, that the injury to the victim was justified. The general doctrine of self-defense may be defined as follows:

One who is without fault and is at a place where he has a right to be so far as his assailant is concerned, and is assaulted may, without retreating, repel force with force. He need not believe that his safety requires him to injure his adversary in order to give him the right to use force for that purpose. When from the acts of his assailant, he believes or has reasonable grounds to believe that he is in danger of receiving *great bodily harm*, the right to defend himself from danger or apprehended danger may be exercised by him, and he may use it to any extent which is reasonably necessary. If his assailant is injured as the result of the reasonable defense of himself, he is excusable and not guilty of a criminal offense.

The questions concerning the existence of such danger, the necessity or apparent necessity of using force as well as the amount of force necessary to repel the attack, can be determined only from the standpoint of the party assaulted at the time and under all existing circumstances. In the exercise of self-defense the party assaulted ordinarily is required to act immediately, without time to deliberate and investigate. In such circumstances the danger which exists only in appearance is to him as real and imminent as if it were actual.

The important inquiry is, was the danger actual to the defendant's comprehension? It is not whether an injury was actually intended by the assault, but whether it represented a danger from the defendant's point of view under the circumstances."

(emphasis added)

Appellant contends that this instruction is contrary to law because it informs the jury that a defendant is not entitled to defend himself unless he apprehends "great bodily harm."

■ A person is entitled to defend himself under circumstances where it reasonably appears that he is in danger of attack or bodily harm. *Hughes v. State* (1937), 212 Ind. 577, 10 N.E.2d 629; *Culp v. State* (1944), 222 Ind. 202, 52 N.E.2d 486; *Johnson v. State* (1971), 256 Ind. 579, 271 N.E.2d 123.

"It is not necessary that a person be violently assaulted, or assaulted at all, before he has the right to defend himself. A person has a right to act on appearance, and if he believes in good faith, and upon reasonable grounds, from the facts and circumstances as they appear to him at the time, that he is about to be assaulted, he has a right, if it seems reasonably necessary to him at the time, to use such force as will protect him from the assault." 212 Ind. 577, 585-6, 10 N.E.2d 629, 633.

A person may defend himself against *any* unlawful assault. *Hughes, supra.* However, he is only justified in using such force as may appear to him, at the time, necessary to repel the unlawful attack. The use of force disproportionate to the necessity arising from the apprehended attack will render the person defending himself guilty of an assault. Therefore, an instruction which limits the right of self defense to only those circumstances in which the accused apprehends great bodily harm is erroneous.

■ This reasoning is not in conflict with the numerous Indiana cases which hold:

"Where one has taken the life of another human being, and thereafter contends that he did so in self-defense, he can only be successful in his contention if:

    (1) he acted without fault,

    (2) he was in a place where he had a right to be, and

    (3) he was in real danger of death or great bodily harm, or in such apparent danger as caused him in good faith to fear death or great bodily harm."

*King v. State* (1968), 249 Ind. 699, 234 N.E.2d 465, 468.

*See Hoover v. State* (1978), Ind., 376 N.E.2d 1152; *Banks v. State* (1971), 257 Ind. 530, 276 N.E.2d 155; *King v. State, supra*; *Hightire v. State* (1966), 247 Ind. 164, 213 N.E.2d 707. These cases do not hold that there is no right of self defense unless death or great bodily harm is feared but rather that one may not take the life of another in self defense unless he fears death or great bodily harm. These cases relate to the amount of force which may be used not under what circumstances one may defend himself.[1] As a matter of law, the use of force which results in the death of the attacker cannot be justified unless the accused reasonably feared death or great bodily injury. In all other instances the question of whether the amount of force used was excessive under the circumstances is a matter for the jury to decide.

The decision must therefore be reversed and remanded for a new trial.

■ Appellant also contends that the trial court erred in denying a motion to dismiss based on the grounds that the information was defective for duplicity. This motion was filed and denied summarily on April 4, 1976, approximately three (3) months after arraignment and plea. IC 35–3.1–1–4 requires that a motion to dismiss for this reason be made prior to arraignment and plea. A motion made thereafter may be summarily denied. The trial court committed no error in following the statute. *Diggs v. State* (1977), Ind., 364 N.E.2d 1176; *Fair v. State* (1977), Ind., 364 N.E.2d 1007.

Reversed and remanded.

STATON and HOFFMAN, JJ., concur.

---

1. *I. e.,* "deadly force." The instruction before us is misleading due to its confusion of these propositions.