**Mark A. TRAVIS, Plaintiff-Appellant,**

**v.**

**Frank L. HALL, Defendant-Appellee.**

**No. 3-881A217.**

Court of Appeals of Indiana,
Third District.

Feb. 22, 1982.

V. Michael Drayton, Sallwasser & McCain, LaPorte, for plaintiff-appellant.

Calvin K. Hubbell, Valparaiso, for defendant-appellee.

GARRARD, Judge.

Travis sued Hall for assault and battery. Hall answered in denial and pleaded self-defense. The case was tried by the court and resulted in judgment for the defendant. Travis appeals arguing that the judgment is not sustained by the evidence and is contrary to law because Hall either did not act in self defense or in doing so used excessive force.

The essence of both arguments is that this court should reweigh the evidence.

That is not the function of appellate review. On appeal we may neither weigh the evidence nor redetermine the credibility of the witnesses. Instead we view the evidence only from the perspective favoring the judgment. *See, e.g., Indiana & Michigan Electric Co. v. Schnuck* (1973), 260 Ind. 632, 298 N.E.2d 436.[1]

We summarize the evidence as follows: On the night of November 10, 1979, Hall and several passengers were riding in his Dodge van in LaPorte, Indiana. Hall spotted a red Celica automobile and, believing that the occupant was a girl he had talked to a couple of nights earlier, began following it. Hall kept pace with the red car as it speeded up somewhat and after about two or three minutes the red car stopped on the left hand side of an intersection. Hall pulled up on the right hand side of the car only to discover that it was occupied by two males (later determined to be appellant Travis and his friend Michael Walt). Upon being asked by Travis and Walt why he had been following them, Hall replied that he thought someone else was in the car. In turn, Travis and Walt thought that Hall was a fellow named Marovich. Next, profanities were exchanged between Travis and Walt and someone in the van, whereupon Hall made a right turn and began to leave the area. Hall noticed that the red car followed him for a couple of blocks, but he just continued to drive toward uptown LaPorte.

Approximately one half to one hour later, while driving on Lincolnway in LaPorte, Hall pulled his van into the Hook's Drug Store parking lot to talk to some friends who were sitting there in a car. After about 5 to 10 minutes had passed, the red Celica which Hall encountered earlier pulled into the parking lot from behind an adjacent Dairy Queen building and stopped in front of Hall's van, some twenty feet away.

Thereafter, Travis and Walt got out of their car and came up to the driver's side of the van. Apparently not realizing that Hall

was in the back of the van and one of Hall's passengers, Charley Davis, was now sitting in the driver's seat, Walt grabbed Mr. Davis. Walt was a big, husky person who weighed about 220 pounds compared with Charley Davis' weight of 130 pounds. Davis then jumped out of the van.

Hall then heard a scuffle taking place outside and he exited the van through a side door on the passenger's side and went to the front of the van where appellant Travis was standing. At this point Travis yelled to his friend Walt that "There is the one that looks like Marovich," and, turning to Hall said, "I'm going to beat your fucking ass."

Upon being threatened by Travis, Hall testified that he was scared and fearful of Travis inasmuch as Travis was much bigger than he. Hall was 19 years old and weighed 140 to 145 pounds, while Travis was a 24 year old who weighed about 235 pounds. Hall was frightened and went back to the van, about 20 feet away. Travis, not satisfied with Hall's fearful retreat, proceeded toward Hall. When Hall saw Travis continuing his approach, he looked in the van for something to defend himself with and found a tire jack. As Hall turned around, Travis was right outside the van door and still moving toward the van. At this instant, while still scared and believing that Travis was coming into his van, Hall struck Travis on the head with the tire jack. Hall was so frightened at this time that he felt Travis was going to kill him. Even in this state of fear, however, Hall only went so far as to repel what he considered to be Travis' imminent attack. He struck Travis one time using one hand to hold the iron.

Hall also testified that he had not engaged in sports in high school, did not consider himself to be a fighter, and in fact had never struck anyone prior to this time.

Todd Thomas, who was a passenger in Hall's van, testified that at the Hook's parking lot the occupants of the van were just minding their own business when the

---

1. Appellant's brief, on the contrary, in its recitation of the facts states only the evidence contrary to the result reached.

red car pulled into the lot and the ensuing incident giving rise to this cause of action took place.

Michael Walt, Travis' friend and the passenger in the red car on the night of November 10, 1979, testified that he and Travis intended to scare and frighten the people in the van at the Hook's parking lot, not merely to ask why they had been chased earlier by the van. Walt admitted that he not only intended to scare and frighten the occupants of the van, but that he was going to "skin them." He and Travis came into the Hook's parking lot from behind the Dairy Queen, with the car lights off. When Walt approached the van, the person in the driver's seat rolled up the window and locked the door, indicating that he did not want to talk with or be bothered with Walt. Nevertheless, Walt proceeded to the side door of the van and, uninvited, stuck his head inside to look for Hall.

Witness Starla Barnes testified that she was in Hall's van at the Hook's parking lot with her boyfriend Charley Davis, who was about as tall as she—a little over five feet. She testified that Walt came up to the van and grabbed Charley Davis' shirt. She then knocked Walt's hand off of Davis, and in response thereto Walt smacked her on the face and called her a bitch. Barnes was afraid. She also saw Travis go up to the van and threaten Hall saying "something like he was going to get him or something else." In conclusion, speaking of Hall hitting Travis with the jack, Barnes stated that "if Frank [appellee Hall] wouldn't have gotten him he [appellant Travis] would have gotten Frank."

■ Under the evidence the court could have reasonably determined that Hall in fact believed and that a reasonable man confronted with the same circumstances could have believed (a) that he was in peril and immediate danger of serious bodily injury, and (b) the amount of force he used to repel the attack was not excessive or unreasonable under the circumstances. That is sufficient to establish reasonable self defense and sustain the judgment. *Johnson*

*v. State* (1971), 256 Ind. 579, 271 N.E.2d 123; *Stallings v. State* (1970), 255 Ind. 365, 264 N.E.2d 618, cert. denied, 402 U.S. 997, 91 S.Ct. 2183, 29 L.Ed.2d 163; *Brannin v. State* (1943), 221 Ind. 123, 46 N.E.2d 599; *Baker v. Gausin* (1881), 76 Ind. 317; *Degenias v. State* (1979), Ind.App., 386 N.E.2d 1230; *Reichers v. Dammeier* (1910), 45 Ind. App. 208, 90 N.E. 644.[2]

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.

---

**2.** The same standards apply in civil and criminal cases. *Baker v. Gausin, supra.*