John GREEN, Appellant,

v.

STATE of Indiana, Appellee.

No. 881S203.

Supreme Court of Indiana.

Aug. 6, 1982.

Forrest Bowman, Jr., Bowman, Dillon & Wagoner, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with Murder. He was tried before a jury and convicted. He was sentenced to a thirty (30) year term of imprisonment.

The facts are these. Throughout Christmas Eve and the early hours of Christmas morning in 1979, a number of people gathered at the home of one Lucy Hayes in Indianapolis. The decedent, Perry Green, had arrived at about 6:00 p. m. on Christmas Eve. Appellant, Perry Green's brother, arrived at around 2:00 a. m. on Christmas morning.

After appellant arrived, he and the decedent began arguing about family matters. Appellant was carrying a handgun that belonged to the decedent. At one point appellant told some of the others present he was going to shoot his brother if he didn't quit bothering him.

There was evidence presented the decedent threatened appellant also. Appellant testified decedent had a long history of becoming violent when he was drunk. Evidence also showed the decedent had consumed a great deal of alcohol during the evening. The toxicology report showed at the time of his death he had an amount of alcohol equivalent to twelve drinks in his bloodstream. Shortly before 2:30 a. m. the decedent telephoned police and reported appellant was going to kill him. Immediately thereafter appellant was seated on a couch in the dining room. The decedent, who was unarmed, continued the argument and was threatening to do harm to appellant. At the same time he was walking slowly toward the couch. Appellant warned the decedent not to get any closer to him. When the decedent was standing over appellant seated on the couch, appellant removed the gun from his waistband and fired one shot at point blank range into the decedent's chest, killing him. Appellant testified, contrary to all other witnesses, that the gun discharged when he tossed it to the decedent and the latter caught it in his hand.

Appellant claims the trial court erred in overruling his objection to Instruction 9C, which reads as follows:

"A person is entitled to defend himself without criminal responsibility for his act under circumstances where it reasonably appears to him that he is in danger of attack or bodily harm.

It is not necessary that a person be violently assaulted, or assaulted at all, before he has a right to defend himself. A person has a right to act on appearance, and if he believes in good faith, and upon reasonable grounds, from the facts and circumstances as they appear to him at the time, that he is about to be assaulted, he has a right, if it seems reasonably necessary to him at the time, to use such force as will protect him from the assault.

In the exercise of self-defense the party assaulted must, so far as his assailant is concerned, be in a place where he has a right to be, and act immediately, without fault, and without time to deliberate and investigate the circumstances."

Appellant contends this instruction is erroneous because of the implication in the third paragraph that self-defense is only available where the party assaulted acts

immediately and lacks time to deliberate and investigate the circumstances. Appellant contends there is no case law requiring such conditions for the proper exercise of self-defense. He further argues the giving of such an instruction was prejudicial because there was ample evidence the decedent was threatening to do harm to him and caused him to reasonably believe harm was imminent. The giving of the instruction, he concludes, may have led the jury to believe the ongoing contact and argument between he and the decedent precluded his use of self-defense because it gave him time to deliberate and investigate the circumstances and determine the necessity of defending himself.

The language of the instruction comes from the case of *Degenias v. State*, (1979) Ind.App., 386 N.E.2d 1230. In that case the Court of Appeals upheld a challenge to an instruction given in which the following sentence appeared: " 'In the exercise of self-defense the party assaulted *ordinarily* is required to act immediately, without time to deliberate and investigate.' " (Emphasis added.) *Id.*, 386 N.E.2d at 1231.

Appellant stresses that the use of the word "ordinarily" in the *Degenias* case clearly implies there are times when a party assaulted may validly exercise his right of self-defense even though he does have time to deliberate. Appellant is undoubtedly correct in such an interpretation of the law. However, Instruction 9C states the law of self-defense in the situation where a person believes in good faith upon reasonable grounds that he is about to be attacked, even though that assumption might be erroneous. In such a case the law is clear that he must act immediately without fault and without discovering that he is in error concerning the impending attack. Of course, in such a situation if he does, in fact, discover or the exercise of reasonable care would discover that he was not, in fact, in danger then he would not be entitled to invoke self-defense. Instructions are to be read as a whole and in reference to each other.

In the case at bar other instructions on the law of self-defense were given, including Defendant's Instruction No. 7:

"In considering whether or not the defendant reasonably and honestly believed from the action and conduct of the deceased at the time of the encounter and prior thereto, and from the surrounding circumstances, that he was in danger of death or great bodily harm from the deceased, you should consider the situation from the standpoint of the defendant as the circumstances presented themselves to him at the time, and if you entertain a reasonable doubt as to whether or not the defendant did honestly and reasonably entertain the belief that he was in danger of death or great bodily harm from the hands of his assailant, at the time of the fatal encounter, you should give the defendant the benefit of the doubt."

Instruction 9C when considered along with the instruction quoted above, should not have mislead the jury as to the law of self-defense. In Instruction No. 7 it is pointed out the party assaulted must entertain a reasonable and honest belief he was in danger of death or great bodily harm. Further, the instruction tells the jury they are to evaluate the conduct of the deceased prior to the fatal encounter, and the circumstances as they presented themselves to the defendant, in determining the reasonableness of the defendant's belief that self-defense was necessary. When taken in their entirety, the instructions correctly inform the jury as to the state of law on self-defense. *Franklin v. State*, (1977) 266 Ind. 540, 364 N.E.2d 1019; *Banks v. State*, (1971) 257 Ind. 530, 276 N.E.2d 155; *King v. State*, (1968) 249 Ind. 699, 234 N.E.2d 465.

We hold there was no error in the overruling of appellant's objection to Instruction 9C.

Appellant claims the trial court erred in refusing to give defendant's Instruction No. 9 which reads as follows:

"The theory of self-defense is, that the party assailed has the right to repel force by force, and he need not believe that his

safety requires him to kill his adversary in order to give him the right to make use of force for that purpose. When his life is in danger, or he is in danger of great bodily harm, or when, from the acts of the assailant, he believes, and has reasonable ground to believe, that he is in danger of losing his life or receiving great bodily harm from his adversary, the right to defend himself from such danger, or apprehended danger, may be exercised by him, and he may use it to any extent which is reasonably necessary. He need not believe that he can only defend himself by taking the life of the assailant. If the death of his assailant results from the reasonable defense of himself, he is excusable, whether he intended that consequence or not, or whether he believed such result was necessary or not."

In addition to the instructions already discussed, the trial court also gave the following instruction:

"When a person, being without fault, and in a place where he has a right to be, is violently assaulted, or threatened with violent assault, he may, without retreating, repel force by force, and if, in the reasonable exercise of his right of self-defense, his assailant is killed, he is justified under the law."

We see nothing in the instruction tendered by appellant regarding the law of self-defense that is not adequately stated in the instructions that were given. Refusal of a tendered instruction is not error where the substance of the tendered instruction is covered in instructions already given. *Gilmore v. State*, (1981) Ind., 415 N.E.2d 70; *Daniels v. State*, (1980) Ind., 408 N.E.2d 1244; *Wilson v. State*, (1978) 268 Ind. 112, 374 N.E.2d 45. There was no error in refusing to give the tendered instruction.

Appellant challenges the sufficiency of the evidence. He argues the evidence establishes self-defense as a matter of law. Once the issue of self-defense is raised, the State bears the burden of proof to disprove the existence of one of the elements of self-defense. *Loyd v. State*, (1980) Ind., 398 N.E.2d 1260; *Hemphill v. State*, (1979) Ind.

387 N.E.2d 1324. This burden is met if on appeal the evidence is sufficient to convince a reasonable juror beyond a reasonable doubt the defendant could not in light of all the circumstances known to him, have entertained a bona fide belief he was in danger of death or great bodily harm. *Shutt v. State*, (1977) 267 Ind. 110, 367 N.E.2d 1376. The evidence as above recited is sufficient for the jury to find beyond a reasonable doubt appellant did not entertain a reasonable and honest belief he was in danger of death or great bodily harm. We hold the evidence is sufficient to sustain the verdict of the jury.

The trial court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.