**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 08 2013, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**ROBERT M. OAKLEY**
**DANIEL K. DILLEY**
Dilley & Oakley, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVION PETERSON, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-PO-596 |
| | ) | |
| SANDRA OWEN, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Cook Crawford, Judge
The Honorable Anne Flannelly, Commissioner
Cause No. 49G21-1204-PO-17307

**March 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Davion Peterson appeals from the trial court's order for protection in favor of Sandra Owen. Peterson raises multiple issues, but we find the following restated issues dispositive: 1) whether the trial court erred in admitting photographic evidence without preserving the photos; 2) whether the evidence was sufficient to prove an act of family violence occurred; and 3) whether the evidence was sufficient to rebut the claim of self-defense made by Peterson. Concluding that any error in not preserving the photos was harmless and that there was sufficient evidence to prove an act of family violence and to rebut the claim of self-defense, we affirm.

## Facts and Procedural History

Peterson and Owen had an on-and-off relationship over a period of more than two years. They were in contact through most of April 2012, but after an incident in which her tires were slashed on April 28, 2012, Owen stopped contacting Peterson and filed a petition for a protective order the next day. Owen alleged, in part, that Peterson committed an act of domestic or family violence against her based on one physical altercation that took place in March 2012.[1] The trial court issued an ex parte order for protection and set the matter for a hearing on June 1, 2012.

During the hearing, Owen testified that during the physical altercation, Peterson attacked her, choked her, and held her down and that she had bruises and scratches on her arms as a result. She also called her mother as a witness and presented photos that

---

[1] She also alleged that he was the one who had slashed her tires and that he stalked her.

purportedly showed bruises and marks on her arms and hands. Peterson's counsel objected to the photos on the basis that he had not seen them prior to the hearing, despite requesting copies of the evidence from opposing counsel. The trial court overruled the objection, viewed the photos on Owen's phone, and returned her phone to her.

Peterson also testified at the hearing. He did not deny that the physical altercation had taken place. He disputed, however, the extent of the physical contact Owen alleged he committed and claimed that any physical contact on his part was merely an act of self-defense. He testified that he grabbed her wrists to stop her from hitting him and so that he could exit her apartment. He called two friends to the stand to testify, in relevant part, that he had a bruise and looked ruffled on the day the alleged altercation took place. Peterson also submitted a photo he argued showed a black eye he suffered as a result of the physical altercation.

The trial court found Owen to be very credible. Based on that finding, it concluded that an act of family violence had indeed taken place, and issued a protective order in favor of Owen.[2] Peterson now appeals.[3]

---

[2] The trial court also concluded that Owen did not prove by a preponderance of the evidence that Peterson slashed her tires. The trial court did not make an explicit ruling on the record one way or the other as to what it found with regards to the stalking allegation.

[3] On appeal, Peterson raises a number of issues, including some of which deal with the stalking allegation. Owen requested and the trial court entered its order under Indiana Code chapter 34-26-5. Under the statute, either an act of family violence or stalking is a sufficient basis for an order for protection. Ind. Code § 34-26-5-2(a). Thus, because we affirm the trial court order based on its finding of an act of domestic or family violence, we need not address Peterson's arguments regarding the stalking allegation.

## Discussion and Decision

### I. Preservation of Evidence

#### A. Standard of Review

A trial court has broad discretion in ruling on the admissibility of evidence. Packer v. State, 800 N.E.2d 574, 578 (Ind. Ct. App. 2003), trans. denied. We will reverse a trial court's ruling on the admissibility of evidence only when the trial court abused its discretion. Id. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Id.

We also note that because Owen did not file an appellee's brief, Peterson's burden is relaxed to the standard of demonstrating prima facie error. Santana v. Santana, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999). Prima facie error is defined as "at first sight, on first appearance, or on the face of it." Id. However, this rule is not intended to benefit the appellant, but rather to relieve this court of the burden of developing arguments on the appellee's behalf. State v. Moriarity, 832 N.E.2d 555, 558 (Ind. Ct. App. 2005). The burden of demonstrating trial court error remains with the appellant. State v. Combs, 921 N.E.2d 846, 850 (Ind. Ct. App. 2010).

#### B. Photographs

Peterson argues that it was error for the court to view the photos of Owen's injuries on her phone without preserving them and that this was contrary to Indiana Rules of Evidence 1002 and 1003. First, we note that while Peterson objected to the admission of the photos during the hearing, that objection was based on him not having been given the opportunity to

view the photos during discovery, prior to the hearing. At no time during the hearing did Peterson object to the photos on the grounds of a violation of Indiana Rules of Evidence 1002 or 1003. Thus, this issue was not properly preserved for purposes of appeal. See Payne v. Mundaca Inv. Corp., 562 N.E.2d 51, 57-58 (Ind. Ct. App. 1990). Waiver notwithstanding, we will address it briefly.

Indiana Evidence Rule 1002 is known as the "best evidence rule" and requires that an original photograph be produced to prove the content of that photograph. Jones v. State, 780 N.E.2d 373, 378 (Ind. 2002). Because the trial court was the trier of fact in this case and it viewed the original photos, the purpose of the best evidence rule was satisfied. And even if it was preferable to preserve the actual photos for the record, this error was harmless. The improper admission of evidence is harmless if the erroneously admitted evidence is "merely cumulative of other evidence in the record." Bryant v. State, 802 N.E.2d 486, 494 (Ind. Ct. App. 2004), trans. denied. Here, there was testimony regarding the bruises that Owen suffered due to the physical altercation with Peterson. Thus, the photos were merely cumulative of other evidence in the record and any error in admission of the photos was harmless.

## II. Sufficiency of Evidence

### A. Standard of Review

When reviewing a sufficiency claim, we do not reweigh the evidence or assess witness credibility for ourselves. B.E.I., Inc. v. Newcomer Lumber & Supply Co., Inc., 745 N.E.2d 233, 236 (Ind. Ct. App. 2001). We consider only the probative evidence and reasonable

inferences drawn therefrom which support the judgment. Id. The standard of review for a challenge to the sufficiency of the evidence that rebuts a claim of self-defense is the same as the standard of review for any sufficiency of the evidence claim. Kimbrough v. State, 911 N.E.2d 621, 635 (Ind. Ct. App. 2009).[4] Again, as noted above, because Owen did not file an appellee's brief, Peterson's burden is relaxed to the standard of demonstrating prima facie error. Santana, 708 N.E.2d at 887.

B.      Act of Family Violence

Peterson challenges, very briefly, the sufficiency of the evidence that supports the court's finding that an act of family violence took place. Domestic or family violence is defined, in part, as:

> except for an act of self-defense, the occurrence of at least one (1) of the following acts committed by a family or household member:
> (1)     Attempting to cause, threatening to cause, or causing physical harm to another family or household member.
>
> (2)     Placing a family or household member in fear of physical harm . . . .[5]

Ind. Code § 34-6-2-34.5. Owen's testimony provided a sufficient basis from which the trial court could have concluded that Peterson caused her physical harm or put her in fear of physical harm. The trial court found Owen very credible. We will not reweigh the evidence or assess Owen's credibility for ourselves. There was sufficient evidence in the record from which the court could have concluded that an act of family violence occurred.

---

[4] The same standards apply in civil and criminal cases. Travis v. Hall, 431 N.E.2d 519, 521 n.2 (Ind. Ct. App. 1982).

[5] A family or household member includes a person who "is dating or has dated the other person." Ind. Code §

6

## C. Self-Defense

Peterson also argues that the trial court erred in its application of the burden of proof in light of the claim of self-defense. More specifically, Peterson argues that because he presented evidence to support his claim of self-defense, the burden then shifted back to Owen to disprove at least one of the elements of self-defense and that she failed to do so. This amounts to a challenge to the sufficiency of the evidence that rebuts the claim of self-defense.

Peterson is correct that the trial court did not explicitly address the self-defense claim in its findings and conclusions. However, it was not required to do so. Also, while it is true that Owen had the burden of negating at least one of the elements of self-defense, she could rely on her case-in-chief to do so. See Kimbrough, 911 N.E.2d at 635. Thus, when Peterson testified that he was acting in self-defense, Owen was not required to rebut that testimony, but could rely upon the sufficiency of her testimony, which was opposed to Peterson's testimony on the issue. See Nelson v State, 259 Ind. 339, 287 N.E.2d 336, 343 (1972).

Self-defense requires proving that Peterson used reasonable force against Owen to protect himself from what he reasonably believed to be the imminent use of unlawful force. See Ind. Code § 35-41-3-2(c). Owen's testimony provided sufficient evidence from which the trial court could have concluded that Peterson was the aggressor and did not have a reasonable basis to believe Owen was going to use unlawful force against him. See Travis, 431 N.E.2d at 521 (self-defense requires proving that the person claiming self-defense was in

---

34-6-2-44.8(2).

7

peril and immediate danger of serious bodily injury).[6] Owen's testimony as well as her mother's testimony also provided a basis from which the trial court could have concluded that the amount of force used by Peterson was not reasonable under the circumstances.

The trial court found Owen very credible. We will not reweigh the evidence or assess the credibility of the witnesses for ourselves. There was sufficient evidence in the record to disprove self-defense, and, thus, the trial court did not commit prima facie error in finding that an act of family violence had taken place.

## Conclusion

Any error the trial court committed when it admitted photographic evidence without preserving it was harmless and there was sufficient evidence in the record to prove an act of family violence and to rebut the claim of self-defense. We therefore affirm the trial court's order for protection based on its finding that an act of family violence occurred.

Affirmed.

MAY, J., and PYLE, J., concur.

---

[6] In fact, Peterson never alleged that he feared serious bodily injury; only that Owen was hitting him and blocking the doorway.

8